## THE CITY OF ALBIA v. O'HARRA.

1. **Practice in Supreme Court:** ERROR WITHOUT PREJUDICE. This court will not reverse a judgment of conviction on account of error in overruling a challenge to a juror, where it is clea· ·· ·m the whole record that the error, if any, was without prejudice to ·u.rendant.

2. **Intoxicating Liquors:** SALE WITHIN TWO MILES OF CITY LIMITS: LIMITS HOW SHOWN. In a prosecution for the sale of intoxicating liquors within two miles of the limits of a city, under an ordinance enacted pursuant to Chap. 119, Laws of 1878, it is sufficient to show that the sale was made within two miles of the *de facto* limits; that is, the limits of the territory over which the city exercises actual jurisdiction for city purposes with a claim of right; and such limits may be shown by parol testimony. Whether the proceedings establishing such limits were legal or not cannot be inquired into in such a prosecution.

3. **Cities and Towns:** ORDINANCE: EVIDENCE OF PUBLICATION. The publication of an ordinance may be shown by a proper affidavit of publication, if it sufficiently identifies the ordinance, though it is attached to the manuscript record in the ordinance book, and not to the printed copy.

*Appeal from Monroe District Court.*

WEDNESDAY, SEPTEMBER 17.

ACTION upon an information for the violation of an ordinance designed to prevent the sale of intoxicating liquor in the city of Albia, and at all places within two miles of the corporate limits. There was a trial before the mayor of the city. The defendant was found guilty, and judgment was rendered upon the finding. From the judgment the defendant appealed to the district court, and verdict and judgment were rendered against him in that court. He now appeals to this court.

*T. B. Perry*, for appellant.

*C. L. Nelson* and *H. L. Dashiel*, for appellee.

ADAMS, J.—I. The defendant insists that the court erred

in overruling certain challanges to jurors. The ground of challenge was that the jurors challenged had at the same term of court sat in a case of the city against the same defendant, where the charge was the same and the facts the same, except that the sale of liquor was made to a different person, and the jury in that case had found against the defendant, and the jurors challenged stated that, if they found the charge the same and the facts the same as in the other case, except that the liquor was sold to a different person, they should feel constrained to find against the defendant in this case.

**1. PRACTICE in supreme court: error without prejudice.**

Whether the ground of challenge was good we need not determine. If we should concede that it was, we could not reverse, if it appears that the defendant was not prejudiced; and we reach the conclusion that he was not.

The case has this peculiarity: There is no dispute as to the fact of sale by the defendant, nor as to the place where sold. The defendant sold beer to one Wilkin at his saloon, and his saloon was outside of the city limits of Albia, but within two miles thereof, if the limits were where the city claimed that they were. Now, the evidence introduced was either sufficient to sustain the claim beyond controversy, or it was wholly insufficient; and as to whether it was sufficient or not is a question of law.

II. To show where the corporate limits were, the city introduced as a witness Mr. James Coen, the mayor of the city. He defined the limits, but showed that he based his statement wholly upon what he knew as to the extent to which the city exercised jurisdiction by taxation, etc. The court instructed the jury, in substance, that they might regard, for the purpose of the case, the corporate limits as embracing all territory over which the city exercised jurisdiction for city purposes, under a claim of right.

**2. INTOXICATING liquors: sale within two miles of city limits: limits how shown.**

The defendant insists that the court erred in giving this instruction. His theory is that the corporate limits are

those only which have been legally established, and embrace only such territory as lies within the city's rightful jurisdiction. His position is that the locality of the sale, as within or without the two mile limits, pertains, not to a mere question of venue, but to the essence of the offense, and that, if we construe the statute as this consideration demands, we cannot hold that mere assumed jurisdiction is sufficient to establish corporate limits within the meaning of the statute.

The statute is in these words: "It is hereby made unlawful for any person　＊　＊　＊　＊　　to sell　＊　＊　＊　　beer or other malt or vinous liquors within two miles of the corporate limits of any municipal corporation." Chap. 119, Laws of 1878. The question presented is as to what shall be deemed corporate limits within the meaning of this statute.

The case before us is one where, as we infer, there was an attempt to extend the corporate limits, but where, possibly, the proceedings were not legal, but where the city, nevertheless, proceeded to exercise jurisdiction as if they were legal, and the territory, for practical purposes, had been treated as within the city. The plaintiff contends that we cannot try the legality of the proceedings in a case like this.

In our opinion, the plaintiff's position is well taken. This case is one of which a justice of the peace has jurisdiction, and is not a suitable action in any way to test corporate rights. Whatever territory the city maintains jurisdiction over must be regarded, we think, as *de facto* corporate territory. If the right of jurisdiction is to be tested, it should, we think, be done by a proceeding that would be binding upon all, and final. We think that the court did not err in the instruction given.

III. The defendant contends that the ordinance under which the city claims to act does not appear to have been duly published. The ordinance in question, as contained in the ordinance book of the city, was introduced. Attached thereto appears to have

3. CITIES and towns: ordinance: evidence of publication.

been the original affidavit of publication. Neither the ordinance nor affidavit is set out in the abstract. But it appears that the record of the ordinance is in manuscript, and is not the printed copy published. But attached proof of publication is sufficient if it indentifies the ordinance; and it is not pretended that it does not. We see no error, and the judgment must be

AFFIRMED.