The City of Aledo, Defendant in Error, v. Ola Nylin, Plaintiff in Error.

Gen. No. 4,884.

JURISDICTION—*when question of territorial, cannot be raised.* The question of territorial jurisdiction cannot be collaterally raised in a prosecution for the illegal sale of malt liquors within the *de facto* limits of a city contrary to the ordinances thereof. So held, in this case, in which it was admitted that the city in question had assumed to exercise territorial jurisdiction with respect to the place where the sale was made.

Action commenced before justice of the peace. Error to the Circuit Court of Mercer County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

Statement by the Court. On November 13, 1907, Ola Nylin, plaintiff in error, was arrested on a warrant issued by a justice of the peace, on a complaint charging

him with selling malt liquors within the limits of the city of Aledo contrary to the ordinances of said city. He was fined before the justice and appealed to the Circuit Court. In the Circuit Court a jury was waived, and on a trial plaintiff in error was fined, and sues out a writ of error to this court. The sale of liquor is admitted, and the only controverted question in the case is whether the place where the sale was made, was within the city limits. The organization of the village of Aledo and the change from a village to a city are admitted.

The agreed facts are that the original plat of the town of Aledo was made in 1856; that plat shows no street on either the south, west or north sides of the plat. Second street is the most southerly of the east and west streets and is on the north side of the south row of blocks. The parallel streets towards the north are Third, Fourth, etc. In 1857 Willits and Thompson, who platted the original town, platted an addition surrounding the original town on the east, north and west sides and extending on the south side of the original plat about half the way from the southeast corner to the southwest corner. In the plat of this addition Ash street divides the addition from the original town on the west, Eleventh street separates them on the north and First street on the south as far as the addition extends on the south. The county surveyor's notes on the plat state, "Willits and Thompson's addition to the town of Aledo comprises all between Ash and Hemlock streets and the east half of the tier of blocks lying next Hemlock street on the west, also all north of Eleventh street and east of Ash street, also all east of Chestnut and north of First street, and also all south of First street and east of College avenue"; "all streets are eighty feet in width except Ninth street and College avenue which are one hundred feet wide," "Willits and Thompson's addition is located on the southeast and east half of the southwest quarters of section seventeen, and the northeast quarter, and the northeast quarter of the northwest quarter of section twenty," all in township fourteen, north, range three west. The east half of block 20 is the southwest block in the addition; east of block 20 is Hemlock street,

and proceeding east successively are block 125, Oak street, block 126, Ash street, block 127, and block 128 in the original town.   The south line of this row of blocks is fifty-six feet north of the south line of the northeast quarter of the northwest quarter of section twenty at the west side of the addition, and at block 128 it is eighty-two and one-half feet distant.   These distances are shown by a plat of some territory annexed to the city in 1906.   There is no line drawn on the plat marking the south side of a street south of blocks 20, 125, 126 and 127, either in the original plat or in Willits and Thompson's addition, but from near the center of block 128 on eastward to the east side of the plat "1st street" is indicated in the plat of the addition by lines on both sides.   The word "street" is written on the plat in the space claimed by the appellee to be "1st street" east of Chestnut street and the word, "1st" is written on the plat south of the center of block 125, but there is no line on the plat south of the word 1st; the boundary line of the government description of the land on which this part of the addition is situated is not indicated.

On January 26, 1906, the city of Aledo by ordinance annexed to the city the north part of the southeast quarter of the northwest quarter of section twenty.   It is the contention of plaintiff in error that the strip of land fifty-six feet wide at the west end and eighty-two and one-half feet wide at the east end lying between blocks 20, 125, 126 and 127 on the north and the land annexed to the city by the ordinance of January 26, 1906, is not within the city. The defendant in error made the sale of the liquor for which he was arrested, in a building located wholly within this strip and over the place corresponding with where the word "1st" is written on the plat.

The following sketch shows the southern portion of the original plat of the city of Aledo, except the central portion which is similar to that shown on either side; the addition made in 1857, and the territory annexed in 1906.   The stones marked at the southwest corner of the original plat and at the southeast corner, east of Chestnut street, are shown on the original plat, and all the lines of the original

34

plat are indicated by the heavy ruling. The plat of the addition made in 1857 is shown by a light ruling, and the territory annexed in 1906 is shown by dotted lines.

COOKE & WILSON, for plaintiff in error.

GEORGE W. WERTS, JR., for defendant in error; W. J. GRAHAM, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

It is admitted that blocks 20, 125, 126, 127 and 128 are within the city limits of the city of Aledo. It is also admitted that the north part of the southeast quarter of the northwest quarter of section twenty was legally annexed to and became a part of the city, before the commission of the alleged offense. It is not necessary in the decision of this case to decide what proceedings are requisite to dedicate land for a street or public purposes and to make a town plat valid and operative.

It is also admitted that the city of Aledo is a city lawfully incorporated and that it assumes to and does, for city purposes, exercise jurisdiction over the territory on both

sides of the narrow strip of land on which the sale of liquor was made. It is admitted and shown by the plat that the persons owning this strip of land and who platted the addition in 1857, which is partly on the north and partly on the south of this strip, marked it for a street by name although failing to indicate the south line of the street as the south line of the northeast quarter of the northwest quarter of section twenty, since it is stipulated that the south line of this alleged street was the south line of the land owned by them in the east half of the northwest quarter of section twenty; the stipulation is that Willits and Thompson owned the northeast quarter of the northwest quarter of section twenty, and that McCandless owned the southeast quarter of said northwest quarter of section twenty, the north part of which was included in the city by the ordinance of January 26, 1906.

The plats offered in evidence show that neither Ash, Eleventh street, nor any part of First street, was ever included in a plat made by the owners. The original plat it is insisted did not include these streets within their limits. The plat of the addition starts at these streets and does not include them. The western part of the addition is west of Ash street, the northern part is north of Eleventh street and the eastern and southern parts of the addition included "all east of Chestnut and north of First streets; also all south of First street and east of College avenue." Literally First street, and parts of Ash and Eleventh streets are excluded from the city and the city is composed of disconnected parcels of territory, if plaintiff in error's contention is tenable. It may be noted that the proprietors' notes on the original plat of the town signed by them do not show that the north half of the northeast quarter of section twenty, although surveyed in the plat, was ever owned by the makers of the plat, and that tract is not mentioned as being land on which part of the town is located, although it is in the central portion of the city, and is included in the plat made by the surveyor. It is said in City of Albia v. O'Hara, 64 Ia., 297, which was a prosecution by the city for a violation of an ordinance against selling liquor, where the defense

was that the offense was not committed within the city.
"This case is one of which a justice of the peace had juris-
diction, and is not a suitable action to test corporate rights.
Whatever territory the city maintains jurisdiction over must
be regarded, we think, as *de facto* corporate territory.   If
the right of jurisdiction is to be tested, it should, we think,
be done by a proceeding that would be binding upon all and
final."   This statement was quoted and approved in C., C.,
C. & St. L. Ry. Co. v. Dunn, 61 Ill. App., 227.   To hold
that the strip of land marked "1st street" is not within the
city although the city is stipulated to have complete juris-
diction to enforce its ordinances on either side thereof would
be extremely technical, and in effect holding that the city
of Aledo is composed of parcels of territory disconnected by
streets and that the city has not jurisdiction over narrow
strips of land the width of streets located across and through
the city.   We hold that such a defense may not be urged in
this case in view of the admitted and proved facts as to the
jurisdiction of the city.   The judgment is affirmed.

*Affirmed.*