John R. Merritt et al., Plaintiffs in Error, *v.* William C Thompson, Defendant in Error.

### ERROR TO GRUNDY.

It is error to allow the landlord of the defendants in ejectment, to substitute his own name as defendant, in place of the persons sued, without the consent of the plaintiff.

It is not improper, in a suit for taxes, to enter a judgment for costs generally, as in ordinary cases; and in case of such entry of judgment, it will be regarded as a judgment for such amount of costs as are legally chargeable against the land.

A judgment against lands for taxes, recited the return of the collector of certain lots of land assessed for taxes which remained unpaid, and a list of the lots, with the amount assessed upon each. At the foot of this list were the words and figures, "40 cents will be added to each town lot and tract of land as costs in case of sale." Then followed the recital of the notice given, &c., and the order of the judgment, that the several lots be sold for the "taxes, interest, and costs." Under this judgment, a lot assessed for $7.50 was sold for $7.90, "being the amount of taxes, interest, and costs assessed," &c.: —

*Held*, that this was a judgment for forty cents costs; or, if not, that it was for costs generally, and that by either construction it was sufficient to support the sale.

This was an action of ejectment originally commenced in the Circuit Court of La Salle county, by Merritt & Simmons against John P. Thompson, Elijah F. Wellington, and William Gooding. The case was removed to Grundy county by change of venue; and the death of Gooding being suggested, William C. Thompson was, on motion, substituted as defendant, instead of John P. Thompson and Wellington, without the consent of the plaintiffs. At the May term, 1852, of the Circuit Court of Grundy county, a trial was had by the court without a jury, which resulted in a judgment for the defendant, and the plaintiffs brought their writ of error.

The land sought to be recovered, was lot 1 of block 19, in

Merritt et al. *v.* Thompson.

the town of Peru.   The plaintiffs claimed under a tax-title, and offered in evidence the following judgment in a suit for taxes, viz. : Whereas, William Reddick, collector of said county, returned to the Circuit Court of said county, on the first day of November, 1843, the following tracts and parts of tracts of lands, town lots and parts of town lots, as having been assessed for taxes by the assessor of said county, for the year 1842, and that the taxes thereon remained due and unpaid, on the day of the date of said collector's return, and that the respective owner or owners have no goods and chattels within his county, on which the said collector can levy for the taxes, interest, and costs, due and unpaid on the following described lands, to wit : List of lands and other real estate, in the county of La Salle, and State of Illinois, on which taxes are due, and remain unpaid for the year 1842.

### TOWN OF PERU.

| Names of present owners unknown. | Lot. | Block. | Tax. | Value. |
|---|---|---|---|---|
| | | | $ cts. | $ cts. |
| | 1 | 19 | 7 50 | 1000 00 |

40 cents will be added to each town lot or tract of land, as costs in case of sale.

And, whereas, due notice has been given of the intended application for a judgment against said lands and town lots, and no owner hath appeared, to make defence or show cause why judgment should not be entered against the said lands and town lots, for the taxes, interest, and costs, due and unpaid thereon for the year herein set forth ; therefore, it is considered by the court, that judgment be and is hereby entered against the aforesaid tracts of land, town lots, and parts of town lots, in the name of the State of Illinois, for the sum annexed to each tract of land, and to each town lot or part of town lot, being the amount of taxes, interest, and costs due severally thereon ; and it is ordered by the court, that the said several tracts or parts of tracts of land and town lots, and parts of town lots, or so much thereof, as shall be sufficient of each of them, to satisfy the amount of taxes, interest, and costs, annexed to them severally, be sold as the law directs.

The other facts, sufficient for understanding the case, are stated in the opinion of the court.

O. Peters and E. S. Holbrook, for plaintiffs in error.

. 1. It was error to order William C. Thompson to be substituted for the original defendants, thus making him sole defendant. The plaintiff has a right to elect whom he will as defendants. William C. Thompson is a non-resident, and has given security for costs only. Plaintiffs have a right, if they recover the land, to recover damage in this action for rents and mesne profits. Rev. Stat. 209, § 76, and *post.* They cannot be cut off from this, but have a right to retain any one who has interfered with the possession as a defendant. Perhaps the landlord of a defendant may be let in, to be made a co-defendant, if the original defendant refuses to defend; otherwise he can only come in by consent of plaintiff. Adams on Eject. 226, notes.

2. The rejection of the judgment and precept was erroneous. Because, first, there was no such variance as should exclude them. If the memorandum in the judgment of " 40 cents " costs was no part of the judgment, then the precept and judgment are identical, — the lot, the tax, the valuation are identical. This appears by inspection. Secondly, if the 40 cents make part of the judgment, it authorized the sheriff to collect it as cost, whether included in the precept or not. The law fixes the cost, and the officer is directed by the precept and judgment to collect it. There is no need of the clerk taxing the cost; the law does that by fixing every item of it.

The report of the collector authorizes the court to render the judgment. Spedman *v.* Curtinius, 12 Ill. 416. But whether it was properly in or out of the precept, it will not vitiate the sale.

A judgment for taxes, and the subsequent proceedings under it, are to be treated as judgments and proceedings in ordinary suits at law; and every reasonable intendment and presumption in favor of the title under them is to be indulged. This is now the established rule in this court. Vann *v.* Schuyler, 1 Gil. R. 162; Minsuger *v.* Germain, 1 Gil. R. 634; Hinman *v.* Pope, 2 Gil. R. 141, 142; Atkins *v.* Hinman, 2 Gil. R. 445, 446; Bestor *v.* Powell, 2 Gil. R. 128; Graves *v.* Buren, 11 Ill. R. 437; Chesnut *v.* March, 12 Ill. R. 176; Job *v.* Tibbetts, 5 Gil. R.

Merritt et al. *v.* Thompson.

280, 281; and such is also declared to be the rule in the case of Pitkin *v.* Yaw, (*Ante*, 251) "the percept performs the same office in this respect as an execution on an ordinary judgment."

The rule, then, is the same as in other suits at law. What is that rule? 1. A variance between the precept and judgment such as this is supposed to be will not vitiate the title. The officer stands in the place of the debtor, and does that for him which he ought to have done for himself. Orr *v.* Winans, 2 Green, (N. J.) R. 1; Armstrong *v.* McCoy, 8 Ohio (Ham.) R. 135; Swaggart *v.* Harlen, 4 Scam. R. 364; Bryan *v.* Smith, 2 Scam. R. 47; Bank of Whitehall *v.* Pickett, 13 Vt. R. 395.

3. As to the first deed offered in evidence, we say, first, there is no variance between it and the judgment, if the 40 cents noted as costs forms part of the judgment. They are identical in the description of the lot, the tax, amount of costs, and valuation; that is, the sum total is the same. If the 40 cents do not form part of the judgment, then there is no variance between the judgment and precept, as already shown. It is no forced construction to say, that it (the judgment) adjudges the tax or debt at a specific, precise sum, and generally for the costs, as in ordinary judgments at law; and the mandate of the sheriff is to collect such judgment, that is, the tax as fixed by the judgment, and the costs as fixed by law. Each item of costs, being fixed by law, follows the judgment. The lot in this case was sold for precisely the amount of taxes and the costs, as fixed by law. Secondly, if there be a variance between the judgment, precept, and deed, of 40 cents, it will not vitiate the deed when attacked thus collaterally. When enough is shown to identify the precept and judgment to be the same on which the sheriff acts, in no case will it affect the title. Jackson *v.* Jones, 9 Cow. R. 182; Jackson *v.* Shuter, 5 Cow. R. 530; McGuire *v.* Kouns, 4 Monr. 386; Orr *v.* Rue, 4 Blackf. 263; Sneed *v.* Reardon, 1 A. K. Marsh. R. 160; Humphrey *v.* Busoo, 1 Iowa (Jones) R. 200; Hinds *v.* Scott, 11 Penn. State R. 20; Chesnut *v.* Marsh, 12 Ill. R. 181.

But admit that the 40 cents formed no part of the judgment and execution or precept, and that the sheriff collected 40 cents more than he was authorized to do, yet we insist, that if the sale

was irregular, and too much cost was charged and collected, more than either the judgment or precept authorized, the title, by reason thereof, cannot be affected in this action; for, first, it is not one of the four cases enumerated in the statute, viz.: 1, that the land was not subject to taxation; 2, that the taxes had been paid; 3, that it had not been listed or assessed for taxation; or 4, that it had been redeemed. Chesnut v. Marsh, *supra*. Secondly, it is the fault of the officer, and not of the purchaser, in selling for too much; and the misconduct or irregularity of the officer in making the sale can never vitiate the title. Homes v. Hall, 4 Metc. R. 419; Adams v. Keiser, 7 Dana's R. 208; Tipton v. Grubbs, 2 B. Monr. R. 83; Morrison v. Bruce, 9 Dana's R. 211; Odiorne v. Mason, 9 N. H. R. 30; Burnham v. Aiken, 6 N. H. R. 306 to 322; Sturdivant v. Frothingham, 10 Maine R. 100; Huntington v. Winchell, 8 Conn. R. 46; 1 Supp. U. S. Dig. 762, § 619 to 621; Pitkin v. Yaw, [*Ante*, 251.]

The purchaser is not in fault. The only one in fault is the owner of the land, who neglects his duty to the State, and then seeks to take advantage of his own neglect, his own wrong.

If such mere technicalities as these are to defeat tax-titles, it discourages and impedes the improvement of the country by begetting want of confidence in titles. The decision making the revenue laws constitutional, gave confidence, and rapid improvements followed on lands holden by tax-titles in the Military Tract. It will give the non-resident an advantage over the resident citizen, under the rigid rule; the resident is liable to have his goods seized for the payment of taxes; the non-resident's land only is liable. And, under technicalities, he will come and reclaim his land disincumbered of any public burden, and the purchaser, in good faith pockets the loss of all he has paid.

E. S. LELAND and T. L. DICKEY, for defendant in error.

TRUMBULL, J. This was an action of ejectment originally commenced by Merritt & Simmons against John P. Thompson, Elijah F. Wellington, and William Gooding, in the La Salle Circuit Court, to recover the possession of lot one, in block nineteen, in the town of Peru.

Merritt et al. *v.* Thompson.

The cause was taken by change of venue to the county of Grundy, where the death of William Gooding, one of the defendants, was suggested, and, on motion, William C. Thompson, the landlord of the surviving defendants, was substituted as sole defendant in their place, on his giving security for the payment of such costs as might be awarded against him, and stipulating that he was in the actual possession of the premises sued for at the time of the commencement of the action, and that the depositions which had been taken in the cause might be read against him on the trial. This substitution was made against the consent of the plaintiffs, and they excepted to the opinion of the court allowing it to be done.

The defendant pleaded the general issue. On the trial the plaintiffs offered in evidence a certified copy of the record of a judgment of the Circuit Court of La Salle county, rendered at the November term, 1843, against the lot in question for the taxes, interest, and costs due thereon for the year 1842, and the precept issued upon said judgment. The defendant objected to the receiving of these papers in evidence, on the ground that the precept varied from the judgment, and the court sustained the objection. The plaintiffs also offered in evidence a sheriff's deed to the lot to Onslow Peters, the assignee of the purchaser at the tax sale, which was objected to by the defendant and excluded by the court, on the ground that it showed a sale of the lot by the sheriff for a larger amount than was authorized by the judgment and precept, and that there was a variance between such deed and the judgment and precept. The plaintiffs then gave in evidence, without objection, a deed from Peters to themselves for the premises in controversy. The court found the issue for the defendant, and entered judgment against the plaintiff for costs.

Two questions are submitted by this record for our consideration:

First, was it error to substitute William C. Thompson as sole defendant, without the consent of the plaintiffs?

Second, was there any such variance between the judgment, precept, and deed, as should have excluded them from being received in evidence?

Upon the first point we think the court erred. When the premises are actually occupied, the statute requires the suit to be brought against the occupant; if not occupied, the action must be brought against some person exercising acts of ownership on the premises, or claiming title thereto or some interest therein. Rev. Sts. ch. 36, § 4. Section 36 of the same chapter authorizes the plaintiff, recovering judgment in ejectment, to recover damages against the defendant for the rents and profits of the premises, and in subsequent sections the mode of proceeding is prescribed. If the landlord of the occupant should happen to be a non-resident, and he is allowed to substitute his own name as defendant in the place of his tenant, how could the plaintiff recover for the rents and profits in case he was successful in the ejectment suit? The defendant, in such a case, would be beyond the reach of the process of the court, and it would consequently be impossible to proceed against him in the mode prescribed by the statute, while if the tenant in possession had remained defendant, the plaintiff would have had a remedy against him. The consequence of allowing a substitution of a different person from the one sued as defendant against the plaintiff's consent, would often be to deprive the plaintiff of the remedy which the statute gives him for the rents and profits. It may be that the court has the right to allow a landlord to come in as a co-defendant with his tenant; or he can be permitted to defend in the name of the person sued, with such person's assent; but there is no warrant in the statute for the substitution of his own name as defendant in the place of the person sued, as in this case, without the plaintiff's consent, nor was such a practice tolerated at the common law. Adams on Ejectment, ch. 9; Emlin *v.* Hoops, 3 Serg. & Rawle, 130; Jackson *v.* Stiles, 1 Cow. 134.

The supposed variances between the judgment, precept, and sheriff's deed, out of which arise the other questions in the case, and on account of which those papers were rejected when offered in evidence, all relate to costs. In other respects it is not pretended that there is any variance between the precept and judgment; and there is no variance between the judgment as recited in the deed, and for which the sale took place, and the one which was offered in evidence, if the costs are to be considered as included in the latter.

The judgment against the lot is for a tax of seven dollars and fifty cents; and annexed to the list of lands and other real estate, as described in the judgment, and immediately preceding the other parts of the judgment order, is this statement: " Forty cents will be added to each town lot or tract of land as costs, in case of sale."

The precept, as copied into the record, omits the statement as to costs, but, upon examination of the original process on which the sale took place, which, by agreement of the parties, has been brought before the court for its inspection, it is found to contain a true copy of the statement in the judgment as to costs. So that, in point of fact, there is no variance between the judgment and the process on which the land was sold. So far, therefore, as relates to those records or any variance between them, it is quite immaterial whether the statement as to costs is to be considered as part of the judgment or not. If it is regarded as part of the judgment, it will be so considered in the copy of the order on which the lot was sold. If it is not to be regarded as constituting part of the judgment against the lot in question in the judgment itself, no more will it be in the copy of the judgment which constituted the process; and it has already been decided that whether a judgment be for too much costs or not enough, cannot be made a question when the judgment comes collaterally in issue. Spellman *v.* Curtinius, 12 Ill. 414.

The deed to Peters recites a judgment against the lot in controversy for " seven dollars and ninety cents, being the amount of taxes, interest, and costs assessed upon said tract of land for the year 1842." It is insisted that this shows the sale of the lot to raise a larger sum than was authorized by the judgment, that the sheriff exceeded his authority in making a sale to raise $7.90, when the judgment against the lot was for only $7.50, and that therefore the sale was illegal and void. Numerous authorities have been referred to to establish the proposition that an officer, in the execution of a naked power conferred by statute, in derogation of the common law, must strictly pursue the power, and that any excess of authority by him will vitiate his proceedings. Of the principle of law we have no doubt, but the

question here is, did the sheriff exceed his authority in making a sale for $7.90 ?   The judgment was for a tax of $7.50, and contained a statement that, in case of sale, forty cents would be added to each town lot or tract of land, as costs.   These two sums make the precise amount of $7.90 for which the land was sold, and which is stated in the deed to have been the amount of the judgment and costs.   It is a maxim in law that that is certain which may be rendered certain, and there is no more difficulty, in legal contemplation, in ascertaining, from the statements in this judgment, the amount of costs assessed against each lot and tract of land contained in it, than there would have been if the sum of forty cents had been annexed to and carried out opposite each tract of land as the costs chargeable against the same.   The statement in the judgment, at the foot of the list of lands, does in fact make it a judgment against each tract for forty cents costs, in addition to the amount of the tax.   The amount of the costs to be collected is necessarily conditional, depending on the fact whether a sale takes place.   If the taxes are paid before the sale, though after judgment, the owner is only required to pay the costs which have accrued up to that time. But admitting that the statement as to costs constitutes no part of the judgment against each tract of land, and still there is in reality no variance between the judgment offered in evidence and that recited in the deed.   The judgment would then be for $7.50 tax and costs generally, without specifying the amount. This is the form in which judgments are entered in ordinary cases, and the clerk makes up the costs, which are then included in the execution which is issued on the judgment. This practice was sanctioned in the case of Bryan *v.* Smith, 2 Scam. 49.

In suits for taxes, when no defence is made, the law fixes the amount of the costs, and they are no more certain when the amount *in numero* is specified in the judgment than when it is not.   If the amount of costs is not specified in the judgment, it then becomes the duty of the sheriff to tax them; and should he tax a larger amount than the law allows, and make a sale therefor, such sale would doubtless be void for the reason that he would exceed his authority in making a sale for costs not

Merritt et al. *v.* Thompson.

allowed by law. Suits for taxes may, however, be defended, and in such cases costs to a large amount may accumulate, which are to be charged to the particular tract of land on account of which they are made. No costs of this kind appear to have been made in the case under consideration; but suppose there had been such costs, would it be insisted that the amount must have been made out and inserted in dollars and cents opposite the·particular tract of land on account of which they were made, or would a general judgment for costs, leaving the amount to be afterwards taxed by the clerk, as in ordinary cases, have been sufficient? We apprehend that a judgment for costs generally, without specifying the amount, would be proper in such a case, and that such a judgment is proper in all cases of suits for taxes. In a legal sense, such a judgment is to be regarded as a judgment *in numero* against each lot or tract of land for the amount which the law authorizes to be taxed against it. In · this case it is not pretended that the legal costs against the lot in controversy did not amount to forty cents. There was, therefore, no excess of authority in making the sale for $7.90, which was the exact amount of the taxes and costs due upon the lot; nor was there any variance in a legal point of view between the amount of the judgment, as recited in the deed and that specified in the record of the judgment offered in evidence, for the amount of the costs as fixed by the law and for which judgment was entered generally, when added to the amount of the tax as fixed by the judgment, makes the exact sum recited in the deed as the total amount of taxes and costs for which judgment was rendered.

On the argument, much stress was laid upon the forms prescribed by the statute for the collector's report, the judgment of the court thereon, and the sheriff's deed; also upon what the statute requires to be stated in the advertisement. "The amount of taxes, interest, and *costs* due" on the lands advertised for sale, is· required to be stated in the notice. In the form given for the judgment, it is stated to be "for the sum annexed to each tract or parcel of land, being the amount of taxes, interest, and costs, due severally thereon." In the form prescribed for the deed is a recital of a judgment, "for the sum of      dollars and      cents,

61 *

being the amount of taxes, interest, and costs assessed upon said tract of land," &c., and the consideration for the deed is stated to be " the said sum of      dollars and      cents." The form for the collector's report also contains a column for costs.   Acts 1838, 1839, pp. 12, 13, 14, and 17.

These provisions of the statute, taken by themselves, would seem to require that the whole amount of costs, attendant on the sale of a tract of land for taxes, should be included in the collector's report, the advertisement, and the judgment, and that it should correspond in all three.   In ordinary cases, and where no defence is made, this could be done; but at the time of giving notice of the intended application for judgment, which is required to state " the amount of taxes, interest, and costs due on the land," and also that the lands against which judgment is rendered will be exposed to sale " for the amount of *said taxes, interest, and costs* due thereon," it would be impossible to know what costs might be made by an unsuccessful defence by the owner of any tract of land.   In the forms prescribed, the judgment is also said to be for the amount of the taxes, interest, and costs due on the land, and yet interest is never charged, nor does the statute make any provision for charging interest.

In ordinary cases, and when no defence is made, the costs could be as well made up before judgment as afterwards, and we have no doubt it would be a correct practice for the collector to tax and insert in his report and notice the whole amount of costs necessarily chargeable against each lot of land in case of sale, though the amount would of necessity be changed in the judgment, in case additional costs were incurred in an unsuccessful defence of the suit.

There are other provisions of the statute which seem to contemplate a taxation of costs after the judgment is entered.   Section 35 of the act under which this sale took place, Acts 1838, 1839, p. 15, declares, that " in selling the said lands, the sheriff shall offer the whole tract or lot for sale, for the amount of taxes, interest, and costs thereon, including the fees hereinafter mentioned."   Why insert the words, " including the fees hereinafter mentioned," which evidently relate to the fees attendant on the sale of the land, if such fees were already included in the

amount of the judgment for costs? Section 46, of the same act, declares, that " persons paying taxes upon lands advertised for sale for taxes, or after judgment has been obtained, and previous to sale, shall be required to pay the costs of suit, and of advertising the same, and all other costs which may have accrued on said land under the provisions of this act, up to the time of such payment." Here a distinction is drawn between the costs of suit, the cost of advertising, and other costs in the case.

These provisions of the statute evidently contemplate that there will be no judgment *in numero* for costs, which will embrace all the charges in case of sale. Hence we are inclined to hold, notwithstanding the forms prescribed in the statute, that it is not improper, in suits for taxes, to enter a judgment for costs generally, as in ordinary cases, and that when a judgment is thus entered, it is to be regarded in a legal sense as a judgment for such an amount of costs as are legally chargeable against the land, leaving it to the sheriff, or to the sheriff and clerk, in case defence be made, to tax the amount.

The judgment is reversed, and the cause remanded.

- *Judgment reversed.*