THE PEOPLE *ex rel.* Clifford Quisenberry, County Collector, Appellee, *vs.* WILLIAM S. ELLIS, Appellant.

*Opinion filed February 23, 1912.*

1. TAXES—*a personal judgment for costs cannot be rendered upon application for judgment against real estate.* Upon application by the collector for judgment against real estate, subjecting it to the payment of taxes, penalties and costs, there is no personal liability of the land owner for costs, and it is error to render a personal judgment against him for such costs.

2. SAME—*when section 276 of Revenue act, authorizing judgment for interest or penalties, does not apply.* Section 276 of the Revenue act, authorizing judgment for interest or penalties where real estate has been omitted in the assessment or has been defectively described or assessed, does not apply where the land has been listed for taxation and all taxes extended against it have been paid but the judgment is sought for city taxes alleged to have been omitted in previous years and claimed to be due because of the invalidity of proceedings disconnecting the land from the city.

3. MUNICIPAL CORPORATIONS—*when determination of city council has effect of a judgment.* Where any official body or tribunal, such as a city council, is given authority to hear and determine any question, its determination is, in effect, a judgment having all the properties of a judgment pronounced by a legally created court of limited jurisdiction.

4. SAME—*determination of city council in proceeding to disconnect territory cannot be collaterally attacked.* Where a petition to disconnect territory is filed, the city council acquires jurisdiction to decide all preliminary questions concerning the sufficiency of the petition and the steps required by the statute to authorize the passage of the ordinance, and if it commits an error its action and decision cannot be attacked in any proceeding not for the direct purpose of impeaching its action.

5. SAME—*in a collateral attack the person alleging want of jurisdiction must prove the fact.* In a collateral attack upon pro-

2 5 3 — 2 4

ceedings by a city council for the disconnection of territory upon the ground that there was a want of jurisdiction, the person alleging such want of jurisdiction has the burden of proving the fact.

6. SAME—*when validity of proceeding by which municipal corporation is created cannot be determined in collateral proceeding.* The validity of the proceeding by which a municipal corporation was created cannot be determined in a collateral proceeding involving the enforcement of an ordinance or the liability to a penalty or tax.

7. SAME—*city or village cannot deny its corporate existence to escape liabilities.* A city or village cannot be called upon to prove the regularity of its incorporation or its legal existence, either in a suit for penalties imposed by it or for obligations to it; and the same rule precludes the municipal . corporation from denying its corporate existence for the purpose of escaping liabilities or evading its obligations.

8. SAME—*annexation or disconnection is pro tanto a new organization.* An annexation or disconnection of territory is *pro tanto* a new organization of the municipality, and an act providing for annexation or disconnection of territory is an act for changing the charter of cities or villages, and is upon the same footing as an act for original incorporation.

9. SAME—*disconnection proceeding is not open to collateral attack for defect in exercise of jurisdiction.* Where the ordinance for disconnecting territory shows that a petition was filed and that the disconnection was in pursuance thereof, the city cannot, in a collateral proceeding, question the validity of the ordinance upon the ground that no petition was found by the city clerk, or that there is no proof that the petition referred to in the ordinance was filed ten days before the action of the city council, or that the collector's certificate of payment of taxes (which the ordinance found were paid) was filed with the petition.

10. SAME—*effect of provision of statute that copy of disconnection ordinance shall be recorded.* The purpose of the provision of the statute that a certified copy of the disconnection ordinance shall be filed in the recorder's office and another with the clerk of the county court is to give notice of the change of incorporation, so that the territory disconnected may be excluded in the extension of taxes, and if the territory is, in fact, so excluded the certified copies may be filed at any time thereafter.

11. SAME—*disconnected territory cannot be annexed by repealing a disconnection ordinance.* The disconnection of territory is consummated upon the passage of the ordinance providing for such disconnection, and the territory cannot thereafter be annexed by

merely repealing the disconnection ordinance, even though the certified copies of such ordinance have not yet been filed as required by law, where the territory has, in fact, been excluded in the extension of city taxes from the time it was disconnected.

APPEAL from the County Court of Logan county; the Hon. JAMES T. HOBLIT, Judge, presiding.

BEACH & TRAPP, for appellant.

C. EVERETT SMITH, State's Attorney, MILTON M. HOOSE, City Attorney, FRANK S. BEVAN, and KING & MILLER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

To the application of the county collector to the county court of Logan county for judgment against real estate of the appellant, William S. Ellis, for delinquent city taxes of the city of Atlanta for the year 1910, and city taxes which it was alleged ought to have been extended against the same property for the years 1902 to 1908, inclusive, the appellant filed objections on the ground that during said years the real estate was not within the corporate limits of the city and had been disconnected therefrom on March 4, 1901. To prove the disconnection appellant testified that he filed a petition prepared for him by a practicing attorney in the city of Atlanta, asking the city council to disconnect the real estate from the city, and he offered in evidence the minutes of the meeting of the city council held on January 11, 1901, as follows: "Petition of W. S. Ellis relative to property in the city limits was granted.—J. E. Foltz, City Clerk." The act then in force authorizing the city council to disconnect real estate from the city was entitled "An act in relation to the disconnection of territory from cities and villages," in force May 29, 1879, (Laws of 1879, p. 77,) which required the passage of an ordinance by the

city council, so that the entry in the minutes was not effective to disconnect the real estate. It was only relevant to show that there was a petition of the appellant relative to property which was then in the city limits. Appellant then offered in evidence the minutes of a meeting of the city council held on March 4, 1901, as follows: "The following ordinance, No. 75, relative to disconnecting William Ellis' land from corporate limits of the city of Atlanta, was read and passed by nay and aye vote, in sections and as a whole, on passage," and the names of the aldermen voting were given. The ordinance was then offered in evidence and is as follows:

"An ordinance disconnecting certain lands.
"*Be it ordained by the city council of Atlanta, Illinois:*

"Sec. 1. That the petition of William Ellis for disconnecting of the following described lands, to-wit: Commencing thirty and two-thirds rods west of the south-east corner of the south-west quarter of section 20, in township 21, north, range 1, west of the third principal meridian; running thence north to lot 1, in Downey's addition to Atlanta; thence west to the right of way of the Chicago and Alton Railroad Company; thence south-westerly along the east side of said right of way to the west line of said section 20; thence south to the south-west corner of said section, and thence east to the place of beginning; that as the taxes on the said lands have been fully paid and none of the lands ever having been laid off in lots, it is hereby declared that the said lands heretofore described are hereby disconnected from the corporate limits of the said city of Atlanta, as requested by the said petition, and that it take effect from and after its passage.

"Sec. 2. It is further provided that the city clerk is hereby instructed to deliver a copy of this ordinance to the petitioner."

The original petition could not be found by the present city clerk. After the passage of the ordinance no city

taxes were levied on the property in question nor extended against it, but the appellant and the city acted under the ordinance and recognized it as having disconnected the real estate from the city. On September 6, 1909, the city council passed an ordinance repealing ordinance No. 75. The court refused to admit in evidence a certified copy of ordinance No. 75, recorded in the office of the recorder on February 15, 1911, after the passage of the repealing ordinance. The court entered a judgment finding that the proceeding to disconnect the real estate from the city was defective and insufficient because the evidence failed to show any sufficient petition filed by appellant with the city council, and also failed to show that any certified copy of the ordinance was filed with the recorder of the county and recorded, and also filed with the county clerk prior to the passage of the repealing ordinance, and ordered the real estate sold for all the taxes, together with interest and penalties. There was also a personal judgment against the appellant for costs.

The application of the collector was for judgment against the real estate, subjecting it to the payment of the taxes, penalties and any costs that might be incurred in the proceeding. There is in such cases no personal liability of the land owner for costs, and the court erred in rendering a personal judgment for the same against the appellant. *Merritt* v. *Thompson,* 13 Ill. 716.

The court included in the judgment $84.91 for interest or penalties, which it is alleged was authorized by section 276 of the Revenue act. That section does not apply, since the real estate in question was listed for taxation during all the years and was assessed and all taxes extended against it were paid. It was not property omitted in the assessment or defectively described or assessed, and it was error to enter judgment for the interest provided for by section 276, as penalties. *Hayward* v. *People,* 156 Ill. 84.

The act under which the proceeding to disconnect appellant's property was had, authorized the city council, upon the presentation of a petition by him praying for such disconnection and filed with the city clerk at least ten days before the meeting of the city council, together with a certificate of the county clerk showing that all city taxes or assessments due had been fully paid, to disconnect, by ordinance, the territory described in the petition from the city. The city council being authorized to act upon such a petition as complied with the statute, was necessarily authorized to determine the sufficiency of the petition and whether there had been such a compliance with the statute as authorized the passage of the ordinance. The rule of law is, that where any official body or tribunal, such as a city council, is given authority to hear and determine any question, its determination is, in effect, a judgment having all the properties of a judgment pronounced by a legally created court of limited jurisdiction. When a petition was filed the city council acquired jurisdiction to decide all preliminary questions concerning the sufficiency of the petition and the steps required by the statute to authorize the passage of the ordinance, and if it committed an error its action and decision could not be attacked in any proceeding not for the direct purpose of impeaching its action. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 231 Ill. 463; 17 Am. & Eng. Ency. of Law,—2d ed.—1056; VanFleet on Collateral Attack, 79.) It is, of course, necessary in such a case, as in all others, that the body or tribunal shall have jurisdiction to act, and when it was proved in *People* v. *Chicago, Burlington and Quincy Railroad Co. supra,* that the petition for disconnection was by one who did not own the land and that there was no jurisdiction, it was held that the proceeding could be attacked collaterally. Even in such a case the burden in a collateral action is on the party alleging a want of jurisdiction to prove the fact. That was decided in two cases where elections had been held in town-

ships adopting the labor system under the Road law. Such an election could not be held without a petition in compliance with the statute, but it was decided that proof that the town clerk could not find in his office any petition, or record of a petition, under which an election could have been held was not sufficient and did not even raise an inference that no petition was filed. (*Toledo, St. Louis and Western Railroad Co.* v. *People,* 225 Ill. 425; *People* v. *Toledo, St. Louis and Western Railroad Co.* 231 id. 390.) The same rule would necessarily apply here if the only evidence that no petition was filed consisted of the failure to find one, but there was evidence that the petition was filed, both by the testimony of the appellant and the recitals of the ordinance. The first part of the ordinance is incomplete, but it shows that a petition was filed and the disconnection was made as requested by the petition.

It is also a rule of law applicable to this case that the validity of the proceeding by which a municipal corporation is created cannot be determined in a collateral proceeding involving the enforcement of an ordinance or the liability to a penalty or tax, whether the objection is that the charter was never published as required by its terms or that its requirements were not complied with in any respect, or that the proceeding was defective or insufficient for any other cause. (*Town of Mendota* v. *Thompson,* 20 Ill. 197; *Hamilton* v. *President and Trustees of Carthage,* 24 id. 22; *Tisdale* v. *Town of Minonk,* 40 id. 9; *Kettering* v. *City of Jacksonville,* 50 id. 39; *Village of Nunda* v. *Chrystal Lake,* 79 id. 311.) A city or village cannot be called upon to prove the regularity of its incorporation or its legal existence, either in a suit for penalties imposed by it or obligations to it, and the rule is the same for both parties, and precludes the corporation itself from denying its corporate existence for the purpose of escaping liabilities or evading its obligations. An indispensable element of a municipal corporation is territory, and an annexation of

territory is to that extent a new organization of the municipality. An annexation of territory to a city or disconnection of territory from it is *pro tanto* a new organization of the municipality, and an act providing for annexation or disconnection is an act for changing the charter of cities and is upon the same footing as an act for original incorporation. (*State* v. *DesMoines,* 96 Iowa, 521; *City of Topeka* v. *Dwyer,* 70 Kan. 244; 3 Ann. Cas. 239.) The doctrine has been applied in a great many cases of annexation, where it has been held that the proceeding of the city council is not open to collateral attack for any defect in the exercise of jurisdiction. (*City of Albia* v. *O'Hara,* 64 Iowa, 297; *Powell* v. *City of Greensburg,* 150 Ind. 148; *Schriber* v. *Langlade,* 66 Wis. 610; *Sage* v. *Plattsmouth,* 48 Neb. 558; *People* v. *Smith,* 131 Mich. 70.) There is no ground for a distinction between a proceeding for annexation and one for disconnection of territory, and an immunity from collateral attack which exists in one case must necessarily apply to the other. The city did not have the right to question, collaterally, the validity of the ordinance on the ground that no petition was found by the city clerk, or that it was not proved that the petition which the evidence and recitals of the ordinance referred to was filed ten days before the action of the city council, or that the certificate of the county collector as to the payment of taxes, which the ordinance found had been paid, was filed with the petition.

The other fact recited in the judgment and upon which it was based was, that the evidence failed to show that any certified copy of the ordinance was filed with the recorder or county clerk prior to the passage of the repealing ordinance. Section 2 of the act for disconnection of territory provided that a certified copy of the ordinance should be filed for record and recorded in the recorder's office and another certified copy should be filed with the clerk of the county court. The language was imperative in requiring

the certified copies to be filed, but the duty was not charged by the statute upon the petitioner and rested upon the city for the evident purpose of giving notice of the change in its incorporation. Section 1 specified the steps to be taken to disconnect property, and the disconnection was consummated upon the passage of the ordinance. (*People* v. *Binns,* 192 Ill. 68.) It would be necessary that the county clerk should have notice by some method that the territory was disconnected so that it might be excluded in the extension of taxes, and the records of the recorder's office are for the purpose of giving notice to the public. The provision for filing the certified copies could not have had any other object or served any other purpose, and comes within the description of directions given with a view merely to proper and orderly conduct of the business of disconnecting property and the assessment and collection of taxes. Such provisions, in whatever language expressed, are directory in their nature, where no right of anyone interested is lost or prejudiced by the failure to perform the act or by the time when it is performed. (*Farwell* v. *Cohen,* 138 Ill. 216; Cooley's Const. Lim. 78.) The substantial purpose of that section was accomplished by omitting the property in the extension of taxes as it was omitted after the passage of the ordinance. The county clerk had the notice which the statute intended to furnish him, and no advantage was lost and no right destroyed by the failure to file the certified copies. Inasmuch as the property was disconnected by the passage of the ordinance it could not be annexed to the city by repealing the ordinance, and the requirement that certified copies should be filed being directory, they might be filed at any time. The findings of the court were erroneous and the judgment based on them cannot be sustained.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*