*In re* ANNEXATION OF CERTAIN TERRITORY TO THE VILLAGE OF NORTH BARRINGTON—(THE VILLAGE OF NORTH BARRINGTON, Petitioner-Appellant, *v.* THE VILLAGE OF LAKE BARRINGTON, Objector-Appellee.)

(No. 71-246;

Second District—October 16, 1972.

*Rehearing denied November 9, 1972.*

Tenney & Bentley, and J. William Braithwaite, both of Chicago, for appellant.

Eva Schwartzman, of Libertyville, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The Village of North Barrington appeals from an order granting a motion for summary judgment by the Village of Lake Barrington and dismissal of its petition for referendum for annexation.

On October 17, 1964, the Village of Lake Barrington considered a petition to annex certain property described as parcel 3 in the petition to annex. The petition was signed only at the bottom of the paper after the form of affidavit required by the statute. Ordinance 96 was passed on October 17, 1964, annexing the subject property. On November 10, 1964, the Village of Lake Barrington passed a motion to reconsider Ordinance 96.

On November 15, 1964, North Barrington passed Ordinance 64 to request annexation of the subject property and filed its petition in the Circuit Court on November 16, 1964.

On December 1, 1964, Lake Barrington at its first regular meeting after November 10, 1964, repassed Ordinance 96. Lake Barrington filed its objections to the petition of North Barrington on December 9, 1964, in the Circuit Court alleging its prior proceedings to annex the subject property. Lake Barrington Ordinance 96 adopted on October 17, 1964, was recorded in 1966 and the "repassed" ordinance adopted on December 1, 1964, was recorded in 1970.

The Village of Lake Barrington filed a motion for summary judgment alleging the passage of the annexation ordinance prior to the petition of North Barrington. This motion was granted and the petition of North Barrington was dismissed.

■■ The appellant, North Barrington, first contends the petition for annexation was not signed and therefore the annexation was not valid. Ill. Rev. Stat. 1969, ch. 24, sec. 7—1—8, requires a petition for annexation to be signed by the petitioners. This court affirmed the law of this State in *People ex rel. Cherry Valley Fire Protection Dist. v. City of Rockford* (1970), 120 Ill.App.2d 275, 258 N.E.2d 577, that the provisions of the annexation statute are jurisdictional. It is therefore mandatory that the proper petitioners sign the petition for annexation.

■■■ In the present case the petitioners signed the document intending to sign the document under oath. The location of the signatures is not determinative of whether or not the petition was signed. (*McConnell v. Brillhart* (1856), 17 Ill. 354; *Fink v. Schleuter* (1918), 206 Ill.App. 159.) We hold the signatures appearing on the petition were sufficient to comply with the statute.

■■ The appellant next contends the Village of Lake Barrington failed to record the ordinance of annexation within the 90-day period estab-

lished by Ill. Rev. Stat. 1969, Ch. 24, Sec. 7—1—40. The record shows this ordinance was recorded in 1966, more than 90 days after the passage of the ordinance. The record further shows North Barrington was notified of the pending annexation proceedings by the filing of objections by Lake Barrington to the petition herein on the 53rd day of the 90-day period.

In *People ex rel. Quisenberry, County Collector v. Ellis* (1912), 253 Ill. 369, 97 N.E. 697 at page 700, the court stated:

> "* * * Section 2 of the act for disconnection of territory provided that a certified copy of the ordinance should be filed for record and recorded in the recorder's office and another certified copy should be filed with the clerk of the county court. The language was imperative in requiring the certified copies to be filed, * * *. It would be necessary that the county clerk should have notice by some method that the territory was disconnected so that it might be excluded in the extension of taxes, and the records of the recorder's office are for the purpose of giving notice to the public. The provision for filing the certified copies could not have had * * * any other purpose, and comes within the description of directions given with a view merely to proper and orderly conduct of the business of disconnecting property and the assessment and collection of taxes. Such provisions, in whatever language expressed, are directory in their nature, where no right of any one interested is lost or prejudiced by the failure to perform the act or by the time when it is performed. * * *."

In the case before us, albeit late, the ordinance was recorded, and North Barrington had actual knowledge of the annexation proceedings within the 90 day period.

■■ On November 10, 1964, the Village Board of Lake Barrington voted to reconsider the ordinance to annex passed at its previous meeting on October 17, 1964. In *People ex rel. Mac Mahon v. Davis* (1918), 284 Ill. 439, the Supreme Court upheld the right of the city council of the City of Chicago to reconsider the vote when the motion to reconsider was made at the same session the vote was taken. In *City of Kankakee v. Small* (1925), 317 Ill. 55, 147 N.E. 404, the Supreme Court held a city council could not reconsider a motion to deny a special assessment at the second subsequent meeting where the right of persons had intervened.

In this case, the rights of the petitioners for annexation to the benefits of being annexed to the village of Lake Barrington intervened between the passage of the ordinance and the motion to reconsider at subsequent

meeting. We therefore hold the motion to reconsider was a nullity and that the annexation of October 17, 1964, by Lake Barrington was proper. Having reached this conclusion it is not necessary to consider the other issues raised on appeal.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.