THE PEOPLE *ex rel.* EUGENE ARMENTROUT, Kane County State's Attorney, *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF AURORA, Defendant-Appellant.— THE PEOPLE *ex rel.* EUGENE ARMENTROUT, State's Attorney, *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF MONTGOMERY, Defendant-Appellee.

Second District    Nos. 80-475, 80-635 cons.

Opinion filed May 1, 1981.

J. Robert Murphy, of Aurora, for appellants.

James R. Edwards, of Edwards & Parker, and Gilbert X. Drendel, Jr., of Reid, Ochsenschlager, Murphy & Hupp, both of Aurora, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

In these consolidated actions arising from annexation proceedings by competing municipalities, the City of Aurora appeals from a judgment of ouster (No. 80-635) and from a judgment denying Aurora's suit to oust the Village of Montgomery from the same territory (No. 80-475). Aurora contends principally that its prior annexation petition was controlling based upon valid notice. It also argues that Montgomery's subsequent annexation failed for want of proper notice and description of the property to be annexed.

### No. 80-635—AURORA'S ANNEXATION PETITION

Aurora's primary contention is that its notices sent to the trustees of the Montgomery and Countryside Fire Protection Districts properly complied with the statute. One notice was sent by registered mail return receipt requested to the trustees of the fire protection district addressed

"Trustees, Montgomery Fire Pro. Dist.

Clay and Railroad Sts.

Montgomery, Illinois 60538"

and the other to

"Trustees Montgomery Fire Pro. Dist.

111 S. River Street

Montgomery, Ill. 60538."

Both receipts bear the signature "M. Manning" and indicate that the delivery date was June 21, 1978. There was testimony that the notices were sent on June 19, 1978. Counsel for Aurora testified that from the records available there was no indication that anyone named "M. Manning" was a trustee of the districts.

The applicable statute provides:

"When any land proposed to be annexed is part of any Fire Protection District * * * and the annexing municipality provides fire protection * * *, the Trustees of each District shall be notified in writing by certified or registered mail before any court hearing or other action is taken for annexation. Such notice shall be served 10 days in advance. * * *" Ill. Rev. Stat. 1977, ch. 24, par. 7—1—1.

■■ The Illinois Supreme Court has recently ruled contrary to the argument of Aurora, holding that the failure to serve notice upon individual trustees even though inadvertent and amounting to a "formal defect"

is not excused under the statute. (*People ex rel. County of St. Clair v. Belleville* (1981), 84 Ill. 2d 1, 8.) In *St. Clair*, service upon a majority of the trustees was held not to be the same as service upon "the Trustees" as required by the statute. It follows that here service upon the trustees generally without service on any of the individual trustees amounted to noncompliance.

We conclude that the trial judge correctly concluded that Aurora's attempted annexation was invalid and properly entered a judgment of ouster.

### No. 80-475—MONTGOMERY'S ANNEXATION PETITION

Aurora urges two objections to the annexation by Montgomery. First it argues that the territory was not "wholly bounded by one or more municipalities" as required by section 7—1—13 of the Illinois Municipal Code. Ill. Rev. Stat. 1977, ch. 24, par. 7—1—13.

■■ Aurora, however, has not preserved this contention for appeal. The present argument is based on the fact that there is a 33-foot gap in the continuity of the boundary of the Village of Montgomery with the land proposed to be annexed. Aurora's complaint in *quo warranto* contains a description of the parcel which states that the north boundary is 33 feet south of the south line extended west of Gray Avenue; Montgomery's answer "admits that it exercises jurisdiction over the land described in the complaint" and Aurora's reply denies that Montgomery's exercise of jurisdiction is lawful and generally denies that Montgomery's annexation ordinance was lawful. The reply contains more specific objections but nowhere includes the "not wholly bounded" issue. In its argument for judgment at the close of Montgomery's case Aurora did not object that the territory was not wholly bounded. And no mention of that issue was made in its post-trial memorandum. We conclude that the issue has been waived by failure to raise it in the trial court. *Cf. In re Annexation to Village of Green Oaks* (1971), 1 Ill. App. 3d 773, 777.

■■ Moreover, it should be noted that the legal description in both the Aurora petition and the Montgomery petition contained the identical north line of the property annexed. There is no satisfactory evidence in the record as to the south boundary of Aurora. Under the circumstances Aurora should be estopped from claiming that the parcel is not wholly bounded where its city council recited that the same parcel was wholly bounded and presented testimony to that effect in No. 80-635.

Aurora has also attacked the validity of the Montgomery ordinance on the ground that notice was not given to the township commissioner of highways and the board of town auditors.

The applicable statute provides:

"When any land proposed to be annexed includes any highway

under the jurisdiction of any township, the Township Commissioner of Highways and the Board of Town Auditors shall be notified in writing by certified or registered mail before any court hearing or other action is taken for annexation." Ill. Rev. Stat. 1977, ch. 24, par. 7—1—1.

It is undisputed that Montgomery did not send notice to the township commissioner of highways or the board of town auditors. This dispute involves the inclusion in the Montgomery ordinance of "all of the south half of Ashland Avenue," which is along the south edge of the annexed territory. Aurora argues that as a matter of law the township maintains jurisdiction of roads until incorporated in the road system of the State or a municipality. (See Ill. Rev. Stat. 1977, ch. 121, pars. 6—201.3, 6—325.) It argues that the only evidence presented by Montgomery was testimony of a township maintenance supervisor that the township had done no work on that part of Ashland Avenue for some 3 years and that this was insufficient to prove that the township lost jurisdiction of the road.

■■ The burden is on the defendant in an annexation case to prove compliance with the statute. (*People ex rel. Hopf v. Village of Bensenville* (1971), 132 Ill. App. 2d 907, 910.) Aurora alleged that notice to the township highway commissioner was not given, which sufficiently raised the issue to put the burden on Montgomery to either prove notice was given or prove facts which showed it was not required. (See *People ex rel. Village of Northbrook v. City of Highland Park* (1976), 35 Ill. App. 3d 435, 439.) We conclude that the testimony of the maintenance supervisor was insufficient to prove that Ashland Avenue was not a township road.

Montgomery alternatively argues that compliance with notice to the Aurora Township commissioner of highways or the board of town auditors is not a fatal defect. In section 7—1—1 of the Illinois Municipal Code, in the second paragraph that provides for annexation where any land is part of any fire protection district or of any public library district, there is the concluding sentence: "No annexation of such land is effective unless service is had and the affidavit filed as provided in this Section." (Ill. Rev. Stat. 1977, ch. 24, par. 7—1—1.) However, the following paragraph providing for notice to the commissioner of highways and auditors was added in 1975 and in this paragraph there is no affidavit requirement for the notice given to the township commissioner. While in the added section there is a provision that the township commissioner of highways and the board of town auditors shall be notified in writing by certified or registered mail before any court hearing or other action is taken for annexation, there is no language indicating that lack of notice renders an annexation ineffective in that portion of the statute. We conclude that the statute reasonably construed evinces an intention to treat the notice to fire

protection districts and library districts differently from highway commissioners and town auditors.

■■ We believe that the general scheme of the applicable statutes confirms the result that in the latter instance the failure to give the required notice does not invalidate the annexation. Fire protection districts and library districts are specifically authorized to object to disconnection by statute (see Ill. Rev. Stat. 1977, ch. 81, par. 1002—9.1; ch. 127½, par. 38.3), but we can find no statutory provision authorizing a township to object. Since the township officials cannot prevent the annexation, lack of notice to them should not be considered a fatal defect.

We therefore affirm the judgment of the trial court.

Affirmed.

LINDBERG and HOPF, JJ., concur.