THE PEOPLE *ex rel.* THE VILLAGE OF LONG GROVE, Plaintiff-Appellant, v. THE VILLAGE OF BUFFALO GROVE, Defendant-Appellee.

Second District   No. 2—86—0712

Opinion filed July 27 , 1987.—Rehearing denied October 14, 1987.

Conzelman, Schultz, Snarski & Mullen, of Waukegan (John M. Mullen, of counsel), for appellant.

Donald T. Morrison, of Donald T. Morrison & Associates, P.C., of Waukegan, and Bloche, French & Raysa, of Oak Park (William G. Raysa, of counsel), for appellee.

JUSTICE NASH delivered the opinion of the court:

This is an appeal by the plaintiff, village of Long Grove, from a judgment entered by the circuit court in favor of the defendant, village of Buffalo Grove, in a proceeding in *quo warranto* involving competing annexations by the two villages. On appeal, Long Grove contends that the Buffalo Grove annexation is invalid: (1) as Long Grove had previously annexed part of the territory sought to be annexed by Buffalo Grove; (2) for failure of the petition for annexation

to disclose the beneficial owners under a land trust; (3) for including within the description of property · sought to be annexed certain highways within the corporate boundaries of the plaintiff; and (4) for lack of contiguity of the territory sought to be annexed to Buffalo Grove.

Long Grove's proceeding in *quo warranto* against Buffalo Grove challenging its purported annexation of the territory in question proceeded to bench trial on May 5, 1986, and the facts are not in dispute. The record discloses that in 1968, the village of Long Grove purchased a five-acre tract of land in unincorporated Lake County, where it operated a sewer treatment plant until 1971. On March 13, 1973, Long Grove annexed two tracts of land located south and north of the sewer plant site (Otis annexations), and then purported to annex the sewer plant site. However, the ordinance annexing the sewer plant site was never recorded, and its location at the time of trial was unknown. The trial court refused to admit into evidence both an unexecuted carbon copy of the purported 1973 ordinance and a photocopy which had been executed and recorded in October 1985.

On October 1, 1985, the owners of a nearby 90-acre tract of land, which was not itself contiguous to Buffalo Grove, filed a petition to annex to that village and added to their land for annexation the five-acre sewer site tract owned by the village of Long Grove, which was contiguous to Buffalo Grove. The total 95-acre tract sought to be annexed is almost completely surrounded by the village of Long Grove except for an approximately 600-foot common boundary with the village of Buffalo Grove along the creek line on the east perimeter of the sewer plant site. The petition states that the petitioner's property was owned in part by two land trusts, but it does not disclose the owners of the beneficial interests. The petition included a plat showing the territory to be annexed as including the south one-half of the right-of-way of Route 53 on the north boundary of the subject property, and the east one-half of the right-of-way of Schaefer Road on its west boundary. Evidence at the trial disclosed that at the time the petition was filed, the zoning maps of both Long Grove and Buffalo Grove depicted Route 53 and Schaefer Road as completely within the corporate boundaries of Long Grove, and a county map depicted Route 53 as completely within unincorporated Lake County. See attached plat.

On October 29, 1985, Long Grove adopted two ordinances, No. 85—0—23, by which it sought to ratify its 1973 annexation of the five-acre sewer plant site, and No. 85—0—24, by which it reannexed

the site; both ordinances were recorded on October 30, 1985. On November 4, 1985, Buffalo Grove adopted an ordinance annexing the total 95-acre tract, which it recorded on November 13, 1985.

The circuit court determined that the purported 1973 Long Grove annexation ordinance was invalid. The court also found that the 1985 Long Grove annexation ordinance was valid, but had been preempted by the prior filing of the petition for annexation to the village of Buffalo Grove on October 1, 1985, whereupon the court entered judgment in favor of Buffalo Grove and this appeal followed.

■■ ■ Long Grove first contends that its annexation of the five-acre sewer plant site in 1973 was valid and that Buffalo Grove could not thereafter annex the 95-acre tract which included that territory. At trial, Long Grove sought to prove that on March 13, 1973, it had adopted an ordinance annexing the sewer site which it owned; however, it could neither account for nor produce the original ordinance, and the trial court refused to admit into evidence purported copies tendered by Long Grove. The issue whether the circuit court erred in its evidentiary ruling is raised for the first time in Long Grove's reply brief and, therefore, has been waived. 107 Ill. 2d R. 341(e)(7).

The validity of the 1973 annexation by Long Grove turns on the undisputed fact that the ordinance was never recorded. A municipality has no power to extend its boundaries unless and except in the manner authorized by the legislature. (*City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 249, 150 N.E.2d 178; *People ex rel. City of Des Plaines v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 807, 813, 331 N.E.2d 373.) The relevant annexation statute directs that a municipality annexing its own property record a copy of the ordinance to that effect. (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—9.) In the present case, it was not shown that Buffalo Grove received notice of the 1973 annexation by Long Grove, and considering its subsequent attempt to annex the same territory, we cannot say that failure to record the ordinance did not prejudice the rights of others. (See *Village of North Barrington v. Village of Lake Barrington* (1972), 8 Ill. App. 3d 50, 288 N.E.2d 242, *appeal denied* (1973), 53 Ill. 2d 605.) We conclude that the circuit court correctly found that the 1973 ordinance was invalid.

Long Grove also contends that the 1973 annexation of the sewer site was validated by the adoption of its ordinance No. 85—0—23 on October 29, 1985, and its subsequent recordation of that ordinance on October 30, 1985. Ordinance No. 85—0—23 purported to readopt and ratify the 1973 ordinance, and the issue is raised whether Long

Grove could retroactively validate its attempted annexation of the sewer plant site so as to defeat the priority obtained in the interim by the filing of a petition to annex the property to the village of Buffalo Grove. While there are means by which a public body may amend its records in cases of error or omissions (*People ex rel. City of North Chicago v. City of Waukegan* (1983), 116 Ill. App. 3d 88, 94, 451 N.E.2d 293, *appeal denied* (1983), 96 Ill. 2d 550), it is not necessary to address whether ordinance No. 85—0—23 had this effect. As the 1973 ordinance was never recorded, it could not relate back in any event. Moreover, this question is moot, as on the same day, Long Grove adopted ordinance No. 85—0—24 reannexing the sewer site property, which it recorded on October 30. The trial court found that this accomplished a valid annexation and no cross-appeal has been taken from that judgment.

■ Long Grove also contends that it had jurisdiction over the sewer plant site by virtue of *de facto* annexation, since it owned the property and had designated it as open space under its zoning ordinance since 1973. The record shows that the sewer plant was dismantled in 1971, and the property has remained vacant and devoted to no use since then. In *People ex rel. Knaus v. Village of Hinsdale* (1969), 111 Ill. App. 2d 368, 374, 250 N.E.2d 309, *appeal denied* (1970), 42 Ill. 2d 584, the court held that long continued use and public acquiescence may give rise to a finding of *de facto* annexation; however, in *Knaus*, the subject property was improved and shared in municipal services. There being no similar circumstances in the present case, we would not find that a *de facto* annexation of the sewer plant site occurred in this case.

■ The question which remains to be addressed is whether the filing of the petition for annexation to Buffalo Grove on October 1, 1985, preempted the Long Grove reannexation ordinance recorded on October 30, 1985. No other annexation proceeding may be initiated where an annexation petition is pending with regard to the same territory. (*City of Countryside v. Village of LaGrange* (1962), 24 Ill. 2d 163, 166, 180 N.E.2d 488; *In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 1048, 438 N.E.2d 574.) The first petition for annexation or incorporation to be filed is entitled to priority (*City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 249, 150 N.E.2d 178; *In re Organization of Byron Park District* (1978), 67 Ill. App. 3d 61, 64, 385 N.E.2d 67); however, in order to obtain priority, the petition must be valid and comply with the requirements of the statute in order to confer jurisdiction on the court. (*People ex rel. Saam v. Village of Green Oaks* (1965), 55 Ill.

App. 2d 51, 57, 204 N.E.2d 149, *appeal denied* (1965), 32 Ill. 2d 626.) The burden is on the defendant in an annexation proceeding to prove compliance with the statute. *People ex rel. Hopf v. Village of Bensenville* (1971), 132 Ill. App. 2d 907, 910, 272 N.E.2d 50; *People ex rel. City of Des Plaines v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 807, 813, 331 N.E.2d 373.

■ Long Grove raises several challenges to the validity of the petition for annexation to the village of Buffalo Grove, first asserting that it was invalid for failure to disclose the beneficial owners of the property sought to be annexed. It is undisputed that the petition lacked such a disclosure, and in urging that omission constituted a fatal defect in the petition, Long Grove relies on section 2 of "An Act to require disclosure, under certification of perjury, of all beneficial interests in real property held in a land trust, in certain cases" (Ill. Rev. Stat. 1985, ch. 148, par. 72), which provides:

"Whenever any trustee of a land trust, or any beneficiary or beneficiaries of a land trust, make application to the State of Illinois or to any of its agencies or political subdivisions for any benefit, authorization, license or permit, relating to the land which is the subject of such trust, any interest therein, improvements thereto, or use thereof, such application shall identify each beneficiary of such land trust by name and address and define his interest therein. All such applications shall be verified by the applicant in his capacity as trustee, or by the beneficiary as a beneficial owner of an interest in such land trust. If such application filed by a body politic or other corporate entity it shall be verified by a duly authorized officer of such body politic or other corporate entity for whom the application is made."

Even if we were to assume, *arguendo*, that a petition for annexation is an "application" for a "benefit, authorization, license or permit," the annexation statute (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—2) requires only that the petition for annexation be signed by the owners of record, which does not include the beneficiaries of a land trust. (*Department of Public Works & Buildings v. Kelly* (1976), 40 Ill. App. 3d 896, 904, 353 N.E.2d 195.) Disclosure of the beneficial owners is not a statutory requirement for annexation, and no case has extended this requirement to annexation proceedings. As there is no language in the disclosure statute suggesting that nondisclosure voids any action taken on the application (see *People ex rel. Armentrout v. City of Aurora* (1981), 95 Ill. App. 3d 983, 986, 420 N.E.2d 833), we agree with the trial court's conclusion that the pur-

pose of the statute is simply to give municipalities a tool to obtain disclosure, and that nondisclosure in this case did not invalidate the petition for annexation.

■ Long Grove next contends that the petition for annexation is invalid for including within the description of property sought to be annexed certain highways which were already within the corporate boundaries of Long Grove. One of the requisites of a valid annexation is that the territory sought to be annexed be unincorporated. (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1; *In re Village of Willowbrook* (1965), 62 Ill. App. 2d 45, 46, 210 N.E.2d 25.) The erroneous inclusion of lands not properly subject to annexation is a jurisdictional defect which invalidates the petition, and such a petition is not entitled to priority over a subsequently filed petition to annex or incorporate the same territory. *In re Organization of Byron Park District* (1978), 67 Ill. App. 3d 61, 64, 385 N.E.2d 67.

■ It was Buffalo Grove's burden to plead and prove by affirmative evidence that all of the circumstances imposed by the statute under which it purported to annex the territory in question were present. (*People ex rel. Karns v. Village of Caseyville* (1968), 99 Ill. App. 2d 60, 63, 241 N.E.2d 23.) In the present case, the plat of annexation filed with the petition described the territory sought to be annexed as including the south one-half of the right-of-way of Route 53 and the east one-half of the right-of-way of Schaefer Road, which Long Grove contends were then within its corporate boundaries. The only evidence directed to this question is that at the time the petition for annexation was filed the zoning maps of both Long Grove and Buffalo Grove show Route 53 and Schaefer Road as completely within the corporate boundaries of Long Grove. The county map in evidence depicted Route 53 as within unincorporated Lake County, but it did not show the village boundaries as to Schaefer Road. On this evidence, we conclude that Buffalo Grove failed to meet its burden of establishing that all of the territory it sought to annex was located in unincorporated territory at the time the petition for annexation to it was filed and, as the petition for annexation was thus invalid, it did not obtain priority over Long Grove's reannexation ordinance.

■ ■ Although the judgment of the trial court finding a valid annexation to Buffalo Grove would require reversal on the above ground alone, we also consider Long Grove's further argument that the petition for annexation is invalid for lack of contiguity of Buffalo Grove to the territory sought to be annexed. One of the requirements for a valid annexation is that the territory sought to be an-

nexed be contiguous to the annexing municipality. (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1; *People ex rel. City of North Chicago v. City of Waukegan* (1983), 116 Ill. App. 3d 88, 93, 451 N.E.2d 293, *appeal denied* (1983), 96 Ill. 2d 550.) The purpose of the contiguity requirement is to permit the natural and gradual extension of municipal boundaries to areas which adjoin one another in a reasonably substantial physical sense. (*People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, 12, 417 N.E.2d 125.) True contiguity requires that the territory sought to be annexed be adjacent and parallel to the existing municipal limits. (*People ex rel. Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 601, 155 N.E.2d 635; *People ex rel. Cherry Valley Fire Protection District v. City of Rockford* (1970), 120 Ill. App. 2d 275, 285, 256 N.E.2d 653, *appeal denied* (1970), 44 Ill. 2d 585; *People ex rel. Coojar Realty Corp. v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 203, 206, 225 N.E.2d 39, *appeal denied* (1967), 36 Ill. 2d 632.) Under this definition, strip or corridor annexations, point-to-point touching, and cornering do not satisfy the contiguity requirement because they are merely a subterfuge to reach outlying areas. *In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 1051, 438 N.E.2d 574, *appeal denied* (1982), 91 Ill. 2d 567; *People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 837, 356 N.E.2d 806, *appeal denied* (1976), 63 Ill. 2d 555.

In the present case, the 95-acre tract sought to be annexed to the village of Buffalo Grove is entirely surrounded by the village of Long Grove, except for an approximate 600-foot common boundary with Buffalo Grove which winds along the creek line on the east perimeter of the sewer plant site. Given the size of the territory sought to be annexed in proportion to the length of the common boundary, we conclude that the contiguity requirement was not met.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded for entry of an order of ouster of Buffalo Grove from the territory it sought to annex.

Reversed and remanded.

HOPF and WOODWARD, JJ., concur.