(No. 12140.—Judgment affirmed.)

SULZBERGER & SONS COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(VICTORIA STOCK, Defendant in Error.)

*Opinion filed October 21, 1918.*

1. WORKMEN'S COMPENSATION—*when record of hearing before arbitration committee is filed in time.* The record of the proceedings before the arbitration committee filed before the Industrial Board on March 22, 1915, is filed in time, under the statute then in force, even though the petition for review was filed in the preceding month of December, where the Industrial Board granted several extensions of time, each one being granted before the prior extension had expired.

2. SAME—*when employer has sufficient notice of accident.* Even though the written notice mailed by the claimant's attorney thirty days after the accident did not reach the employer until the following day he will be deemed to have had sufficient notice where he was represented by his attorney and his foreman at the inquest held after the accident and knew that it was claimed the employee died as the result of a fall received in the course of his employment in his employer's plant.

3. SAME—*Supreme Court cannot consider the weight of the evidence.* The Supreme Court cannot weigh the evidence in reviewing a workman's compensation case but can examine the record only to determine whether there is competent evidence to sustain the award.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

BURT A. CROWE, for plaintiff in error.

CORINNE L. RICE, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Victoria Stock made application for adjustment of her claim against the Sulzberger & Sons Company under the Workmen's Compensation act for the death of her husband, Sebastian Stock, who, she alleged, died on account of injuries received while he was in the employ of the Sulzberger & Sons Company. A committee of arbitration was of the opinion that the applicant was not entitled to recover, and refused to award compensation. The applicant petitioned the Industrial Board for a review of the decision of the committee of arbitration, and the Industrial Board awarded compensation to the applicant of $6 per week for 416 weeks. The plaintiff in error, the Sulzberger & Sons Company, sued out a writ of *certiorari* in the circuit court of Cook county to review the proceedings of the Industrial Board. After the case had been remanded several times to the Industrial Board with directions to eliminate hearsay evidence and in respect to other matters, the finding of the Industrial Board was finally confirmed, and the presiding judge certified that. this was a case proper to be reviewed by this court.

It is first contended that plaintiff in error did not have notice of the accident within thirty days from its date, as required by the Workmen's Compensation act. It is alleged that the accident occurred on June 8, 1914. On July 8, 1914, the attorney for the applicant notified plaintiff in error of the accident and the consequent claim. It is not denied that this notice, which was sent by mail, was received by plaintiff in error, but it is contended that it was not received until July 9. The basis for this contention is that on July 9 this notice was transmitted by mail to the attorney for plaintiff in error, and that it was the custom of the plaintiff in error to answer every letter received upon the

date of its receipt.   Conceding that this notice was not actually received until July 9, it appears that plaintiff in error had ample notice that it was claimed that Sebastian Stock died as the result of a fall which he received in the course of his employment at the plant of the plaintiff in error on June 8, 1914.   An inquest was held over the body of the deceased, and plaintiff in error was represented by an attorney and one of its foremen at this inquest.   In transmitting the notice sent on July 8, 1914, to its attorney, the plaintiff in error reminded him that this was the case where it was claimed that death resulted from a fall at the plant and that one of the men from the attorney's office had represented plaintiff in error at the inquest.   At the inquest evidence was produced for the purpose of showing that the death resulted from a fall received at the plant of plaintiff in error.   We are of the opinion that plaintiff in error had all the notice required by the statute of the claim that the death of the deceased resulted from an accident.

Plaintiff in error also contends that defendant in error's record, upon appeal from the decision of the committee of arbitration to the Industrial Board, was not filed within the time required by the statute.   The petition for review was filed December 4, 1914, and the record was filed with the Industrial Board March 22, 1915, several extensions of time in which to file the record having been granted in the meantime and each one being granted before the prior extension had expired.   The statute then in force provided, "and unless such party petitioning for a review shall, within twenty days after the receipt by him of the copy of said decision, file with the board either an agreed statement of the facts appearing upon the hearing before the arbitrator or committee of arbitration, or if such party shall so elect, a correct stenographic report of the proceedings at such hearings, then the decision shall become the decision of the Industrial Board: *Provided,* that such Industrial Board may for sufficient cause shown grant further time, not ex-

285 – 15

ceeding thirty days, in which to petition for such review or to file such agreed statement or stenographic report." We are of the opinion that this statute was complied with, and that the record, on appeal from the decision of the committee of arbitration to the Industrial Board, was filed in ample time.

The principal contention of plaintiff in error is that there was no competent evidence in the record tending to prove that Sebastian Stock suffered an accident at the plant of the plaintiff in error which was the proximate cause of his death. We are not permitted, however, to weigh the evidence, and can only look into the record for the purpose of determining, as a matter of law, whether there was any competent evidence tending to support the finding and award of the Industrial Board. There is evidence in the record which tends to show that on June 8, 1914, Stock fell on his back while descending a short stairway in the plant of the plaintiff in error during the forenoon of that day. He did not complain at that time of being hurt or injured by the fall, but shortly before noon he quit work, complaining of a pain in his stomach, and went home. A physician was called, and he died about one o'clock on the following morning. His attending physician gave it as his opinion that he died as the result of traumatism. A post-mortem examination disclosed that the deceased had been suffering from heart disease and that he had œdema of the lungs and brain. Another physician testified that, assuming that the deceased had organic heart trouble and œdema of the lungs, a sudden fall, although not serious enough to cause any external injury, might result in his death.

As there is sufficient evidence in the record, standing alone, to sustain the finding and award of the Industrial Board, the judgment of the circuit court must be affirmed.

*Judgment affirmed.*