(No. 14224.—Judgment affirmed.)

THE TAYLOR COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(OSCAR HALL, Defendant in Error.)

*Opinion filed February 22, 1922.*

1. JURISDICTION—*when jurisdiction may be waived.* Jurisdiction of the subject matter cannot be waived, but jurisdiction of a particular case within the general class of which the court has jurisdiction may be waived by failure to make seasonable objection in accordance with the established practice.

2. WORKMEN'S COMPENSATION—*review by Industrial Commission is not analogous to writ of error.* A review of the arbitrator's decision by the Industrial Commission is not analogous to a review by writ of error, as there is no writ and the record is already filed with the commission by virtue of the statute, but in administering the act and exercising the authority conferred the commission must determine in each particular case whether the conditions prescribed by statute have been complied with.

3. SAME—*when party waives objection to jurisdiction of Industrial Commission.* The jurisdiction of the Industrial Commission to review the arbitrator's decision is acquired by the filing of the petition for the review, and where the parties appear and make no objection that the stenographic report of the hearing before the arbitrator was not filed in the time required by law the jurisdictional question is waived.

4. SAME—*when right to question validity of Compensation act is waived.* Where the parties, without objection, participate in the hearing before the arbitrator and in the review by the Industrial Commission, and enter into a stipulation that they are subject to the provisions of the Compensation act, the right to question the validity of the act is waived and cannot be raised for the first time in the circuit court nor in the Supreme Court.

5. CONSTITUTIONAL LAW—*benefit of constitutional provision is waived if no objection is raised when the right is invaded.* Property rights under a constitutional provision are sacred from interference or destruction by legislative or judicial act; but the protection afforded in such cases may be waived, and is waived unless an objection is raised by the party entitled to the benefit of the provision whenever it appears that the right is being disregarded.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

DENISON & SPILLER, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Oscar Hall, applied to the Industrial Commission for compensation for an alleged injury by reason of an accident arising out of and in the course of his employment on October 24, 1919, in the mine of the plaintiff in error, the Taylor Coal Company. An arbitrator heard the evidence and made an award of $14 per week for 16 weeks for temporary total incapacity and $14 per week for 50 weeks for the reason that the injury caused 33⅓ per cent permanent loss of the use of the right hand. Upon a review by the Industrial Commission the award of the arbitrator was confirmed, and upon a writ of *certiorari* from the circuit court of Williamson county the writ was quashed and the award affirmed. This court allowed a writ of error to the circuit court to review the proceeding.

The argument for the plaintiff in error is devoted to the single proposition that the Workmen's Compensation act in force before July 1, 1921, as construed by this court, prohibits a judicial review of both law and facts in accordance with the general rules established in our system of jurisprudence for the security of private rights, and is therefore in conflict with the requirement of due process of law in the fourteenth amendment of the Federal constitution and is null and void. The sole reply of the defendant in error to that argument is, that the record shows that no

agreed statement of facts appearing upon the hearing before the arbitrator or a correct stenographic report of the proceedings was filed with the Industrial Commission within fifty days after the plaintiff in error received notice of the filing of the award, and this is the ground of a motion to dismiss the writ of error and affirm the decision of the Industrial Commission.

It will be observed that the motion calls upon the court to disclaim jurisdiction of the writ of error and dismiss the same because of an alleged want of jurisdiction in the Industrial Commission, and also to exercise such jurisdiction by affirming the decision of the commission. That part of the motion calling upon the court to dismiss the writ for want of jurisdiction cannot be allowed. The court has jurisdiction, by virtue of the statute, to review judgments and orders of the circuit court under the Compensation act upon writ of error, which the court in its discretion may order to issue if applied for as provided in the act, and upon such writ of error may determine whether the circuit court acquired jurisdiction under the provisions of the statute, and if it had jurisdiction whether error was committed. By the act in question the circuit court was given jurisdiction, by writ of *certiorari* to the Industrial Commission, to review all questions of law presented by the record except such as arose where a decision of the arbitrator or committee of arbitration had become the decision of the Industrial Commission. No question of jurisdiction of the circuit court to review the award in this case was presented to or passed upon by the circuit court. Oscar Hall filed his motion in writing to quash the writ of *certiorari* and did not raise any question such as is sought to be raised here, but, among other things, averred as follows: "Said record shows that the Industrial Commission had jurisdiction of the subject matter and of the parties and that said decision is in all respects regular and legal." Not only was no question raised or passed upon by the circuit court

concerning the jurisdiction of the Industrial Commission, but no objection was made to a review of the award by the commission. A stenographic report was not filed within fifty days after notice, but Hall appeared, made no objection to the review by the commission, and did not present in any manner the proposition that the award had become or should become the decision of the Industrial Commission. If, therefore, the question of jurisdiction of the Industrial Commission or the circuit court was one that could be waived, it was waived. The general rule as applied to courts is, that jurisdiction of the subject matter,—which means jurisdiction of the class of cases to which the particular case belongs and not jurisdiction of a case within such a class,—cannot be waived. The method by which jurisdiction of a particular case within the general class of cases is obtained, and any defects or irregularities in respect thereto, may be waived, and are waived unless seasonable objection is made in accordance with the established practice. (*O'Brien* v. *People,* 216 Ill. 354; *Franklin Union* v. *People,* 220 id. 355.) Where a court has jurisdiction of the subject matter and may take jurisdiction of a particular case if certain conditions exist, and no objection is raised to the exercise of jurisdiction, as in case of a limitation barring a writ of error, an adequate remedy at law and the like, a party will be deemed to have waived the jurisdictional question. *Burnap* v. *Wight,* 14 Ill. 303; *Stout* v. *Cook,* 41 id. 447; *Crawford* v. *Schmitz,* 139 id. 564; *Hauger* v. *Gage,* 168 id. 365; *Law* v. *Ware,* 238 id. 360; *Peterson* v. *Manhattan Life Ins. Co.* 244 id. 329; *People* v. *Evans,* 262 id. 235.

Counsel for plaintiff in error insist that no question concerning the jurisdiction of the circuit court either as to subject matter or the particular case should be considered, because the court decided in *Sulzberger & Sons Co.* v. *Industrial Com.* 285 Ill. 223, that the Industrial Board might grant extensions of time beyond thirty days to file an agreed

statement or stenographic report. The opinion in that case has caused considerable misunderstanding on account of a reference to the wrong statute. The accident occurred on June 8, 1914, and petition for review was filed on December 4, 1914. Several extensions of time in which to file the record were granted by the Industrial Board, and it was filed on March 22, 1915. The proceeding, therefore, was under the act of 1913, which required an agreed statement of facts or stenographic report to be filed within twenty days after the decision but gave the Industrial Board power to grant further time, without limitation, in which either to petition for a review or to file an agreed statement or stenographic report. The proceeding was completed under the act of 1913 and the decision of the court was right. The court could not in the case presented construe the provision of the act of 1915, which was not in force, as shown by the dates given in the opinion, and the quotation from that act was an error.

Decisions respecting jurisdiction, and the authorities on that subject, relate to courts and judicial action under settled rules and methods of procedure, and as applied to administrative boards or agencies acting under special statutes they may be somewhat confusing. As far as similar rules can be applied to such boards or agencies, an examination of the statute under which authority is attempted to be exercised must be made to determine the question. The provision for a review by the Industrial Commission is peculiar, partaking both of the nature of a review for error and also a trial *de novo* upon additional evidence. So far as analogies go, a mere review is somewhat in the nature of a writ of error, and as applied to a court of review such a writ is a new suit, in which the court obtains jurisdiction of the particular case by the filing of a *præcipe* and issue of the writ and obtains jurisdiction of the parties by the issue and service of process. An appeal is a continuation of the same suit, and jurisdiction is acquired by complying with the con-

301—25

ditions on which the appeal was allowed and the filing of the record in the court of review. Neither of these methods is precisely applicable to a review by the Industrial Commission, since there is no writ and the record is already filed with the Industrial Commission. The commission already has complete jurisdiction of the subject matter, which is conferred by law, and the method of its exercise in particular cases is prescribed by the statute. The entire administration of the law and the adjustment of claims for compensation are committed to the Industrial Commission. It may designate an arbitrator or chairman of a committee of arbitration to hear evidence and make a report, but no jurisdiction is given to either. A decision of the arbitrator or committee is not a judgment or in the nature of a judgment, but if there is no proceeding for a review within the time limited by the statute the decision reported is to become the decision of the Industrial Commission and in the absence of fraud is to be conclusive. If an award made and reported to the Industrial Commission is assented to by the parties by not applying for a review it is to be adopted by the commission as its decision. In administering the act and exercising the authority conferred by it the Industrial Commission must determine in each particular case whether the conditions prescribed by the statute have been complied with so that the jurisdiction may be exercised. In *Friedman Manf. Co.* v. *Industrial Com.* 284 Ill. 554, it was held that jurisdiction was acquired by the Industrial Board by the application for compensation; that jurisdiction of the subject matter of the controversy was conferred by law, which gave the board jurisdiction of all claims for accidental injuries or death arising out of and in the course of employment; that the question for what injuries recovery could be had involved a construction of the act, and if the construction was erroneous there might be a review by a writ of error or proceeding in chancery to be instituted

within twenty days.   In like manner the petition for review in this case gave the Industrial Commission jurisdiction for a review of a case within the general class of cases of which it had jurisdiction.   If objection had been made to the exercise of jurisdiction in the case because the statement of facts or stenographic report had not been filed within the time fixed by the statute and the decision of the commission was wrong, it would be subject to review on a writ of *certiorari* by the circuit court.   The commission having jurisdiction of the subject matter, Hall waived any question of the exercise of authority by the commission to review the award.   The motion is denied.

As before stated, the single claim of the plaintiff in error is that the Workmen's Compensation act as it existed at the time of this proceeding was in violation of constitutional rights.   The stenographic report of the proceeding before the arbitrator contains the following: "Appearances and stipulation whereby it is agreed that Oscar Hall and Taylor Coal Company were working under and subject to the provision of the Workmen's Compensation act on the 24th day of October, A. D. 1919; that Oscar Hall was in the employ of the Taylor Coal Company on the 24th day of October, A. D. 1919; that he received an injury which arose out of and in the course of the employment on that day; that respondent had notice of an accident within thirty days from the date of the injury; that demand for compensation was made within six months, as required under the provisions of the Workmen's Compensation act; that the annual earnings of petitioner for the year preceding the injury were $1248; that the average weekly wage of petitioner during said year was $24 per week; that respondent paid petitioner compensation to the amount of $234."

The objection to the constitutionality of the act was first made in the circuit court, where it was repeated, in varying language, as ground for a motion to quash the record.   The

particular in which it is claimed that the Workmen's Compensation act violated the guaranty of due process of law relates solely to a property right. Such rights are sacred from interference or destruction by legislative or judicial act, but the protection afforded by a constitutional provision in such cases may be waived, and is always held to be waived unless an objection is raised by the party entitled to the benefit of the provision whenever it appears that the right is being invaded or disregarded. After the stipulation plaintiff in error took part in the proceeding without any objection and took credit for $234 compensation already paid by virtue of its provisions. Both by the express language of the stipulation and by participating in the hearing before the arbitrator and securing a review under the statute by the Industrial Commission the right to question the validity of the statute was waived and the plaintiff in error cannot be permitted to raise it now. (*Wood* v. *Child,* 20 Ill. 209; *Smith* v. *Bryan,* 34 id. 364; *Springfield and Illinois Southeastern Railway Co.* v. *Hall,* 67 id. 99; *Holcomb* v. *People,* 79 id. 409; *Dobbins* v. *First Nat. Bank,* 112 id. 553; *Winslow* v. *People,* 117 id. 152; *Illinois Central Railroad Co.* v. *City of Wenona,* 163 id. 288; *Woods* v. *Soucy,* 166 id. 407; *People* v. *Clark,* 283 id. 221; *Shoal Creek Coal Co.* v. *Industrial Com.* 300 id. 551; *Shepard* v. *Barron,* 194 U. S. 553; 6 R. C. L. 94; 12 Corpus Juris, 769.) The circuit court did not err in refusing to quash the record on account of the alleged invalidity of the act.

It is not claimed that the award was incorrect on the merits.

The judgment is affirmed.        *Judgment affirmed.*