(No. 30314.—

THE PEOPLE *ex rel.* Universal Oil Products Co. *et al.,* Appellees, *vs.* THE VILLAGE OF LYONS, Appellant.

*Opinion filed March 18, 1948—Rehearing denied May 13, 1948.*

· JOSEPH I. BULGER, and ODE L. RANKIN, both of Chicago, for appellant.

FREDERICK R. BAIRD, ARTHUR F. RACKERBY, JOHN P. DOYLE, SCOTT W. HOVEY, MARCUS WHITING, A. M. BYRD, J. C. GIBSON, THOMAS J. BARNETT, HARVEY HUSTON, BARRY & CROWLEY, and RAYSA & GREAR, all of Chicago, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal by the village of Lyons from a judgment in an action of *quo warranto* ousting said village from exercising or attempting to exercise its municipal franchises, functions and authority over certain territory adjacent to it, which the village, by the adoption of eight separate ordinances had purported to annex under section 7-11 of the Revised Cities and Villages Act. The territory involved is 160 acres of land, described as the northeast quarter of section 11, township 38 north, range 12 east of the third principal meridian in Cook County, Illinois. The eight ordinances were adopted, respectively, by the village on January 30, February 12, March 12, April 8, April 30, May 1, June 27, and July 9, during the year 1946. Each ordinance purported to annex 20 acres

of the land. The one first adopted included the west 20 acres of the quarter section of land, and each of the succeeding ordinances included a similar 20-acre strip lying immediately east of the one included in the ordinance next previously adopted, the last ordinance covering the east 20 acres of the quarter section.

The trial judge certified the validity of the ordinances were involved and, in his opinion, the public interest required a direct appeal to this court.

The *quo warranto* proceedings were commenced March 28, 1947. On that date the appellees, Universal Oil Products Company, Chicago Title and Trust Company, Steve Zdunich, Mary Zdunich, and Pioneer Trust and Savings Bank, property owners in the west half of the quarter section, on their own relation filed a petition in the circuit court of Cook County praying for leave to file a complaint in *quo warranto* against the village of Lyons. The purpose of the proceeding was to establish the invalidity of the ordinances and oust the village from exercising governmental authority and functions thereunder. The petition alleged that by virtue of said annexation ordinances the village was exercising governmental functions and franchises over the territory included therein, and that each of said ordinances was illegal and void. The court granted leave to the petitioners to file a complaint in *quo warranto* pursuant to the prayer of their petition and also gave leave to appellee Page Engineering Company, to join in the complaint.

The complaint described the respective parcels of land owned by the appellees, alleged in general terms that the defendant was exercising its governmental functions and franchises over such property and the inhabitants thereof, and called upon it to show by what warrant it did so. The village answered setting up in justification the eight ordinances and also pleading as a defense that appellees are barred and estopped by acquiescence and *laches*. The

relators filed a motion for judgment of ouster against the defendant on the pleadings. A hearing was had on the motion and the judgment appealed from entered. The court found the answer of the defendant, as amended, to be substantially insufficient in law, in that it neither justified nor disclaimed the exercise of the authority it was charged with usurping, found that all of the ordinances purporting to annex the territories therein described are null for the reason that the defendant did not have lawful authority to enact the same, found that such territories are not within the lawful territorial limits of the defendant and that defendant is wrongfully exercising its municipal franchises, functions and authority over such territories. The judgment ousted the defendant from exercising or attempting to exercise its municipal franchises, functions and authority over the territories described in the ordinances and from exercising or attempting to exercise such franchises, functions and authority over the real estate of the relators described in the complaint, the same being parts and parcels of the territories described in the ordinances.

The answer shows on its face that the eight ordinances under which defendant attempted to justify were illegal and void for want of authority in the village to enact the same. A city or village has no power to extend its boundaries unless authorized by the legislature to do so; and such power, when delegated to the municipality, must be exercised by it under the circumstances and in the manner prescribed.

Section 7-11 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1947, chap. 24, par. 7-11,) upon which defendant relies as its authority for the adoption of the ordinances, provides that whenever any unincorporated territory, containing 30 acres or less, is wholly bounded by one or more municipalities or is wholly bounded by one or more municipalities and navigable waters, such territory may be annexed by any municipality by which

it is bounded in whole or in part, by the passage of an ordinance to that effect. The conditions precedent to the exercise of this authority were that the territory to be annexed must be contiguous to the village and not within the corporate limits of any other municipality, must contain 30 acres or less, and must be wholly bounded by one or more municipalities or wholly bounded by one or more municipalities and navigable waters. When these conditions exist, the board of trustees of the village may accomplish the annexation by passing an ordinance therefor and recording a copy thereof, together with an accurate map of the attached territory, in the office of the recorder of deeds of the county in which the annexed territory is situated.

It is alleged in the answer that immediately prior to the enactment of the first ordinance relied on by defendant, the entire quarter section of land included in the eight ordinances was unincorporated territory, that it was bounded on the north by the village of Lyons, on the west by the village of McCook, on the south by the village of Summit, and that the Des Plaines river, a navigable body of water, lies east a short distance from said quarter section. Two maps attached to the answer show the quarter section bounded on the east by the village of Lyons. Appellant argues that the quarter section is thus shown by the answer to be wholly bounded by three municipalities, the village of Lyons, the village of McCook and the village of Summit. Appellees argue that the maps speak as of the date of their filing, which was approximately a year after the passage of the ordinances, and that the answer therefore cannot be taken as showing the quarter section bounded on the east by the village of Lyons during the time in question. However, this question is of no importance, because, regardless of whether the quarter section was or was not bounded on the east by the village of Lyons at any time, the answer clearly discloses that the ter-

ritory in none of the ordinances was wholly bounded by one or more municipalities or wholly bounded by one or more municipalities and navigable waters. The territory sought to be annexed by the first ordinance and by each of the next six ordinances was in each instance bounded on the east by unincorporated territory and no navigable waters touched such eastern boundary at any point. The village had no power under the provisions of section 7-11 of the Revised Cities and Villages Act to annex territory so bounded and situated. The power delegated to the village by the statute could not be called into exercise if the territory sought to be annexed was not bounded on *all* sides as the statute requires. An ordinance annexing territory not so bounded is a nullity, and in legal effect no ordinance at all. And, since the territories described in the first seven ordinances were not within village limits of appellant at the time of the passage of the eighth ordinance, the territory sought to be annexed by that ordinance was bounded on the west by unincorporated territory. It follows, as a necessary consequence of the invalidity of the first seven ordinances, that the village was without authority to enact the eighth ordinance and that this ordinance is also void.

Appellant in its answer relies on the defense of *laches,* acquiescence and estoppel, and it is urged that under the authority of such ordinances it assumed and exercised full jurisdiction over the territory described therein. Under the conditions here the answer does not disclose sufficient facts to warrant the exercise of jurisdiction over relators' property.

It is true that when the writ of *quo warranto* is sought for the purpose of enforcing private rights, any unreasonable delay, acquiescence or inequitable conduct on the part of relators, as well as a consideration of the public interest or convenience, will justify a refusal to grant leave to file such complaint or a refusal to proceed to a judgment of ouster after the complaint has been filed. No hard-and-

fast rule can be stated by which the court must determine the question, but in each instance the court, in the exercise of its judicial discretion, must determine from the facts and circumstances of the particular case whether the reasons exist which justify the refusal.

Nothing contained in defendant's answer discloses that the relators have been guilty of unreasonable delay, acquiescence or inequitable conduct, or that a judgment of ouster in this case will result in great public detriment or inconvenience.

Appellant contends that the trial court exceeded its jurisdiction in allowing the Page Engineering Company to become a relator and in ousting defendant from the exercise of jurisdiction over the east half of the quarter section of land here in question. This contention is based on the fact that the Page Engineering Company is the only relator owning land in the east half of the quarter section, and said company made no demand of the Attorney General and State's Attorney that a proceeding in *quo warranto* be brought to enforce its rights in the matter.

Section 1 of the Quo Warranto Act (Ill. Rev. Stat. 1947, chap. 112, par. 9,) provides that a proceeding in *quo warranto* may be brought in case any corporation exercises powers not conferred by law. Section 2 of the act (Ill. Rev. Stat. 1947, chap. 112, par. 10,) provides that the proceeding may be brought in the name of the People of the State of Illinois by the Attorney General or State's Attorney of the proper county, either of his own accord or at the instance of any individual relator; or by any citizen having an interest in the question on his own relation, when he has requested the Attorney General and State's Attorney to bring the same, and when, after notice to the Attorney General and State's Attorney, and to the adverse party, of the intended application, leave has been granted by any court of competent jurisdiction, or any judge thereof. Section 3 of the act (Ill. Rev. Stat.

1947, chap. 112, par. 11,) provides that when the complaint is filed by a citizen on his own relation, it shall be alleged therein that his requests of the Attorney General and the State's Attorney, respectively, to bring the action, have been refused, or that they have failed to do so, as the case may be, and that leave of court to file the complaint has been granted as in the Quo Warranto Act provided.

It is shown by the pleadings and not here disputed that all of the relators, except Page Engineering Company, had made a demand upon both the Attorney General and the State's Attorney of Cook County, requesting each of these officials to file a complaint in the nature of a *quo warranto* upon the relation of such demandants, and that their request had been refused. It was alleged in the complaint in this case that the Page Engineering Company was in court at the time the order was entered granting leave to the other relators named herein to file complaint in *quo warranto,* that said company represented to the court that it was similarly situated with respect to the exercise of the jurisdiction of the village over its territory and that the court entered an order giving leave to said Page Engineering Company to join in the complaint, and that the State's Attorney of Cook County was present in open court and made no objection thereto. These allegations of the complaint were expressly admitted by the village in its answer. There is nothing in the record which contradicts them or is inconsistent therewith, and appellant will not be permitted to now contend in this court that such allegations are not correct. The petition filed by the relators alleged the enactment of the eight annexation ordinances, that the territory included in them together make up the territory described as the northeast quarter of section 11, township 38 north, range 12 east of the third principal meridian, that the purported annexations, and each of them, under said ordinances, are illegal, void, and of no force and effect, and that by virtue of said ordinances the village

was exercising governmental functions and franchises over the properties of the petitioners.

It thus appears from the above allegations of the petition, complaint and answer that this proceeding was commenced by the relators for the purpose of establishing the invalidity of the annexation ordinances and the purported annexation thereunder of the northeast quarter of section 11 aforesaid; that prior to the commencement of this suit proper demands had been made upon the Attorney General and State's Attorney as required by the statute and such demands refused; that the Page Engineering Company is the owner of land in said northeast quarter and therefore interested in the question which the other relators by their petition asked leave to, litigate by *quo warranto;* that said engineering company appeared in open court, after such petition was filed, asked leave to join with the petitioners in the *quo warranto* complaint and was granted such leave; that at the time this leave was granted the State's Attorney of Cook County was present in open court and the village was also represented by counsel; and that neither the attorney for the village nor the State's Attorney made any objection to the granting of such leave to the Page Engineering Company.

Where a court has jurisdiction of the subject matter and may take jurisdiction of a particular case if certain conditions exist, and no objection is raised to the exercise of jurisdiction, a party will be deemed to have waived the jurisdictional question. (*Taylor Coal Co. v. Industrial Com.* 301 Ill. 381.) While lack of jurisdiction of the subject matter cannot be waived, yet the method by which jurisdiction of a particular case within the general class of cases is obtained, and any defects or irregularities in respect thereto, may be waived, and are waived unless reasonable objection is made in accordance with the established practice. *Wilson Brothers v. Haege,* 347 Ill. 140; *Taylor Coal Co. v. Industrial Com.* 301 Ill. 381.

In the *Wilson Brothers case* it was held that although the statute requires the filing of an affidavit in replevin before the writ issues, nevertheless a defendant who has entered his appearance and files pleas to the declaration cannot have the cause dismissed for lack of an affidavit. In the *Taylor Coal Company case,* where an award of the arbitrator had been affirmed by the commission and by the circuit court, it was held that the employer against whom the award was entered could not, after participating in the hearing before the commission and the circuit court without objection to the jurisdiction of the commission, raise in this court for the first time the objection that the commission was without jurisdiction because the stenographic report was not filed as required by the statute, and that such objection, not having been presented to the commission and the circuit court, must be deemed to have been waived. In the case of *People ex rel. Kerner* v. *United Medical Service, Inc.,* 362 Ill. 442, a petition for leave to file an information in the nature of a *quo warranto* was filed. The permission sought was granted and an information filed containing the same allegations as the petition. Thereafter the order granting leave was vacated, the information stricken, and nine pleas filed by respondent to the petition. Replications were filed to the pleas and general and special demurrers interposed to eight of the replications. In lieu of settling the pleadings and proceeding to a trial, the parties presented an agreed case and stipulated the facts. The stipulation stated that the agreed case contained the points of law at issue and that "the court shall decide thereon and shall render judgment therein, according as the rights of the said parties in law may appear." After a hearing upon the agreed case, the court rendered judgment of ouster. Upon appeal from such judgment it was contended that the trial court lacked jurisdiction to render a judgment of ouster because there was neither an order granting leave to file an information nor an informa-

tion filed, but this court held that inasmuch as appellant had participated in the procedure followed in the court below, it could not object to the jurisdiction of the trial court to proceed to judgment because no information was filed or leave to file the same granted, as required by statute.

The circuit court of Cook County, in which the instant proceedings were had, has jurisdiction of the subject matter of proceedings in *quo warranto,* to which this case belongs. When Page Engineering Company appeared in court, was granted leave to and did join in the *quo warranto* complaint as one of the relators, it submitted itself to the jurisdiction of the court and consented to the court taking jurisdiction of the matter of the particular case, and it could not thereafter question such jurisdiction. When the village entered its appearance in the cause, filed its answer to the complaint and made no objection to Page Engineering Company being a relator, the village thereby gave the court jurisdiction of it as a corporate entity and consented to the jurisdiction of the court in the matter of the particular case. The court thus having jurisdiction of the subject matter of the general class of cases to which this case belongs, jurisdiction of the persons of the parties to the cause, and jurisdiction of the matter of this particular case, it had the right and power to hear and determine this case. *Wilson Brothers* v. *Haege,* 347 Ill. 140; *Taylor Coal Co.* v. *Industrial Com.* 301 Ill. 381.

It is further contended that the judgment is erroneous in ousting the village from exercising its municipal franchises, functions and authority over all of the territory described in the eight ordinances and thereby including in the judgment of ouster tracts and parcels of land not owned by the relators. In this case, however, the ordinances were invalid in their entirety. The judgment of ouster, therefore, is correct and is affirmed.

*Judgment affirmed.*