In Matter of Petition of Donald C. Wills et al., for Annexation of Certain Territory to City of Belleville, St. Clair County, Illinois.

Term No. 58–F–9.

Fourth District.

April 21, 1958.

Rehearing denied May 14, 1958.

Released for publication May 19, 1958.

Thomas P. O'Donnell, and Robert H. Rice, of East St. Louis, for appellants, Blase Goelz, and Others, Being Objectors to the Annexation.

Jones, Ottesen & Fleming, of Belleville, for Donald C. Wills et al., petitioners-appellees.

PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the order of the County Court of St. Clair county finding that the annexation ordinance providing for the annexation of certain territory to the city of Belleville, St. Clair county, Illinois, was valid and ordering that the question of annexation be submitted to the corporate authorities of the city of Belleville for final action thereon.

The action originated from a petition filed in the County Court for annexation of certain territory to the city of Belleville under the provisions of Section 7 of Chapter 24 of the Illinois Revised Statutes (1957 Illinois Revised Statutes, Chapter 24, Sections 7—1 to 7—6a). Publication was duly made and certain objections were filed by objectors who were represented by counsel, and upon a date set for hearing, all parties through their attorneys of record consented that the County Court eliminate a certain portion of the territory from the petition and agreed as to the procedure to be followed and the form and substance of decrees to be entered by the court.

The petition as originally filed contained the signatures of 368 owners of record, and 378 electors. The objecting petition contained 413 signatures, of which 70 signers had already signed the petition for annexation. It also appeared that 14 of the signers of the objecting petition signed the petition twice. After the matter was set for hearing by the County Court, an agreement was entered into between the attorneys for

212

the respective parties and the court regarding disposition of the petition and objections filed thereto, and such agreement was incorporated in an order of court which recited that the petition complied with the provisions of the statute and that the signatures on the petition represented a majority of the property owners of record, and the owners of record of more than 50 per cent of the land in the territory described. This decree further recited that a dispute had arisen between the respective parties as to the number of electors residing therein, and that it had been stipulated and agreed between the petitioners and objectors that the court could submit the question regarding annexation to the electors of the unincorporated territory. It provided further for the holding of an election in accordance with the provisions of Chapter 24, Section 7—6, and Paragraph 28—3, of Chapter 46 of the Illinois Revised Statutes.

The parties, by their respective attorneys, also agreed upon a further order of court, to a notice of election, form of ballot, instructions to voters, and appointing judges and clerks of election. The election was duly held and a canvass of voters duly made, showing the number of votes cast in favor of the annexation of the territory to be 313, and those opposed to be 209. Thereafter the parties, by their counsel, agreed to the entry of a further finding and order in accordance with the previous orders which found that the petition complied with the appropriate sections of the statute, that the signatures on the petition represented a majority of the property owners of record, and the owners of record of more than 50 per cent of the land in the territory described, and a majority of the electors of said territory, and directed that the question of annexation be submitted to the corporate authorities of the city of Belleville, St. Clair county, Illinois.

After such proceedings the objectors obtained different counsel and now seek to appeal to this court, and in substance contend that the procedure for annexation being purely statutory the city or village has no power to extend its boundaries unless exercised in the manner prescribed by statute (People v. Village of Lyons, 400 Ill. 82). Basically, it is contended that under the alternative method of annexation provided for in the annexation statutes, there is no provision for any popular vote among the electors residing in the territory to be annexed, and that the court should have made such determination, and that the holding of an election could not have formed the basis for a determination by the court of the ratio of electors favoring annexation. All parties now objecting had consented to the procedure in the court below.

■ ■ On principle, a decree entered by consent would not be the type of decree which could be reviewed by appeal (City of Kankakee v. Lang, 323 Ill. App. 14). It is not necessary, however, that this cause be determined on such ground alone for the reason that there is sufficient evidence in the record to justify sustaining of the entry of the orders by the County Court providing for annexation of the territory. There are findings of court upon the information before it, which consisted of the petition for annexation and the petition of the objectors. The court, in the proceeding, apparently took into consideration that 70 signatures affixed to the petition for annexation could not be counted as objectors since such objectors would not have the right to withdraw from the petition except by consent of a majority of the other petitioners (1957 Illinois Revised Statutes, Chapter 24, Section 7—2). The court also apparently considered the fact that 14 individuals signed the objecting petition twice, and there was the further fact that a portion of the territory on the fringe of the territory proposed to be an-

214

nexed was deleted from the annexation proceedings. Without considering the election results as such, therefore, the conclusion of the court as incorporated in the final decree was amply sustained by evidence in the record.

The orders of the County Court of St. Clair county were therefore proper and should be affirmed.

Affirmed.

BARDENS and SCHEINEMAN, JJ., concur.