THE PEOPLE *ex rel.* THE VILLAGE OF FOREST VIEW, Plaintiff-Appellant, v. THE VILLAGE OF LYONS, Defendant-Appellee (Lake River Corporation, *Amicus Curiae*).

First District (2nd Division)   No. 1—90—0896

Opinion filed July 30, 1991.

Rosenthal, Murphey, Coblentz & Janega, of Chicago (John B. Murphey and Katherine S. Janega, of counsel), for appellant.

Thomas J. Cisar and Eugene J. Berkes, both of Cisar & Mrofka, Ltd., of Oak Brook, for appellee.

Carol B. Manzoni, Arthur F. Radke, and Shannon S. Sullivan, all of Ross & Hardies, of Chicago, for *amicus curiae*.

JUSTICE COCCIA delivered the opinion of the court:

This is a *quo warranto* action. Plaintiff, the Village of Forest View, appeals from an order entering summary judgment in favor of defendant, the Village of Lyons, which voided Forest View's annexation of land which Lyons had previously annexed.

On appeal, Forest View contends that the court erred in granting Lyons' summary judgment motion and in denying Forest View's summary judgment motion, because Lyons' previous annexations were illegal because Forest View's *quo warranto* action is not barred by the statute of limitations as Lyons' annexation did not meet statutory contiguity requirements, and Lyons' annexation is barred by the doctrine of estoppel because Lyons' counterclaim is barred by a contiguity requirement, and by the doctrine of *laches*; and because Lyons lacks standing to challenge the Forest View annexation.

The record in this summary judgment action sets forth the following allegations and facts.

As a matter of convenience, the parties have referred to the relevant property as parcel "A" through parcel "E." (See the map included herein as an appendix.) The "subject property" which Forest View wishes to annex is parcel "E." The subject property is owned by the Metropolitan Water Reclamation District of Greater Chicago (Metropolitan). The property is leased to the Lake River Corporation, which filed an *amicus curiae* brief in support of Forest View's position.

In 1945, Lyons began passing a series of 26 ordinances which purported to annex all of the unincorporated territory bounded by four municipalities, including Lyons on the northern border and Forest View on the eastern border. Each ordinance purported to accomplish an involuntary annexation (pursuant to Ill. Rev. Stat. 1945, ch. 24, par. 7—11, now Ill. Rev. Stat. 1989, ch. 24, par. 7—1—13) of a 20-acre parcel of land south of Lyons' 47th Street village limits. (The strip annexations were done on approximately a monthly basis, one strip at a time, because the involuntary annexation statute at that time prohibited the annexation of more than 30 acres at a time.)

Between November 1945 and July 1946, Lyons' first 10 ordinances annexed land marked as parcel "A" on the attached map.

On March 28, 1947, *quo warranto* proceedings were filed against Lyons, challenging the first series of 10 strip annexations. On March 18, 1948, the Illinois Supreme Court held that the ordi-

nances purporting to annex these strips of land (marked as parcel "A" on the map) were a nullity. (*People ex rel. Universal Oil Products Co. v. Village of Lyons* (1948), 400 Ill. 82, 79 N.E.2d 33.) The court explained that, under the statute, a 30-acre parcel of territory to be annexed must be wholly bounded by one or more municipalities or navigable waters. (*Universal Oil Products*, 400 Ill. at 87, 79 N.E.2d at 36.) The parcel "A" strips were not wholly bounded by municipalities or navigable waters.

Between August 1946 and March 1947, the next eight ordinances of the Village of Lyons attempted to annex land marked as "Parcel B." On June 24, 1948, the circuit court of Cook County entered a judgment declaring this second group of eight ordinances to be nullities, as the land sought to be annexed was not "wholly bounded" by municipalities or navigable waters since the attempted annexation of the land comprising parcel "A" had been declared void in *Universal Oil.* People ex rel. Gortsch v. Village of Lyons (1948), No. 47—C—6153.

Between October 1947 and June 8, 1948, the next eight ordinances adopted in Lyons attempted to annex the land marked as parcels "C" and "D" on the attached map.

The annexation of these last eight strips has never been judicially declared invalidly annexed.

Designation of the last eight parcels is separated into "C" and "D" as the strips in "D" were annexed *after* the Illinois Supreme Court filed its decision in *Universal Oil* on March 18, 1948.

The property, an irregularly shaped parcel of land marked as "Parcel E," extends from Forest View's eastern boundary, to the west, across a portion of the five most eastern strips of parcels "C" and "D."

In 1984, Metropolitan and the Lake River Corporation petitioned that parcel "E" be annexed to Forest View.

On July 10, 1984, pursuant to an annexation agreement, Forest View enacted an ordinance annexing the subject property.

Prior to 1984, Forest View provided fire, police, water and all governmental services to the subject property. Lyons provided no services to the property.

On August 26, 1986, Lyons' attorney wrote to the Lake River Corporation that Lyons had become aware that the subject property, where "you are doing business," is "located within the corporate limits of the Village of Lyons."

In November 1987, Lyons issued a revised zoning map, showing for the first time that the subject property fell within the bounda-

ries of the Village of Lyons. George Kucharchuk, the village inspector and a board of trustees member, testified at a deposition that all of Lyons' official maps prior to November 1987 did not include the subject property within the limits of Lyons. The map was prepared by the village engineer at the direction of Kucharchuk.

On March 21, 1988, Forest View filed a complaint in *quo warranto*, challenging the validity of Lyons' purported annexations of numerous parcels of land, including the subject property.

Forest View's first amended complaint in the present action sought a declaration that these final eight ordinances were void, pursuant to *Universal Oil Products*. Forest View also sought a declaration that its own annexation of the subject property was legal and an order requiring Lyons to account for and return to Forest View all tax revenues received by Lyons *subsequent* to Forest View's annexation of the subject property.

Both parties subsequently filed motions for summary judgment.

On February 26, 1990, the circuit court: (1) granted Lyons' motion for summary judgment; (2) denied Forest View's motion for summary judgment; (3) declared Lyons' annexations of the eight strips (marked as "C" and "D" on attached map) valid; (4) declared Forest View's annexation of the subject property invalid and void; (5) ousted Forest View from asserting any jurisdiction over the subject property; and (6) found Forest View's action was barred by the statute of limitations. In its memorandum of decision, the trial court recited two bases for its decision in favor of Lyons.

First, Lyons' final eight ordinances were valid because the first six parcels were annexed prior to the June 24, 1948, judgment of ouster in People ex rel. Gortsch and had never been the subject of a judgment of ouster. The court reasoned that the annexations of parcels "A" and "B" were not invalid *ab initio*; instead, they were only invalid from the date of the order of ouster on June 24, 1948. Since the parcel "C" strips were annexed between October 1947 and March 1948, before the June 24, 1948, ouster order, then parcel "C" could be considered "wholly bounded" and validly annexed. Since parcel "C" was validly annexed, parcel "D" was also validly annexed. Consequently, Forest View was prevented from annexing parcel "E," which cut across parcels "C" and "D."

■ The trial court erred in finding parcel "C" was "wholly bounded by *** one or more municipalities," as required by the relevant statute. Ill. Rev. Stat. 1947, ch. 24, par. 7—11, now Ill. Rev. Stat. 1989, ch. 24, par. 7—1—13 (involuntary annexation).

The map clearly shows that the territory lying to the east of parcel "C," *i.e.*, the strips labeled parcel "D," was *not* incorporated territory. (Notably, these strips were not annexed by Lyons until May 1948 and June 1948, after the March 18, 1948, Illinois Supreme Court decision finding parcel "A" was not validly annexed.)

At the time of the attempted annexation of the strips in parcel "C," between October 1947 and March 1948, the territory lying to the east of "C" (including all of parcel "D") was not incorporated.

Another erroneous basis for the trial court's decision is that an order finding an annexation ordinance invalid is *not* void *ab initio*. This reasoning is not supported by the previous decisions which nullified Lyons' annexation ordinances for parcels "A" and "B."

In Gortsch, the court expressly found the ordinances were "illegal, null and void and of no force and effect for the reason that the defendant village did not have lawful authority to annex such ordinances." Moreover, the parcels "are not now *and never have been* within the lawful territorial limits of the defendant, Village of Lyons." (Emphasis added.)

In *Universal Oil*, our supreme court found the ordinances "were invalid in their entirety." (*Universal Oil*, 400 Ill. at 92.) The annexation ordinances were each "a nullity, and *in legal effect no ordinance at all*." (Emphasis added.) *Universal Oil*, 400 Ill. at 87.

Moreover, Illinois case law consistently indicates that the finding that an annexation ordinance is null necessarily makes it void *ab initio*. See, *e.g.*, *People ex rel. Village of Northbrook v. City of Highland Park* (1976), 35 Ill. App. 3d 435, 440, 342 N.E.2d 196, 199 (where statute of limitations has run, annexation must be challenged on the ground that it was "void *ab initio* for want of subject matter jurisdiction"); *People ex rel. Des Plaines v. Village of Mt. Prospect* (1975), 29 Ill. App. 3d 807, 814, 331 N.E.2d 373, 379 (challenge must be that annexation was "void *ab initio*").

Here, the purported annexations of the strips in parcels "A" and "B" were void *ab initio*. The annexations were not void merely from the date of the judicial declaration of ouster.

Thus, the later attempts to annex land in parcels "C" and "D" were also void, since they were *never* "wholly bounded by one or more municipalities." Ill. Rev. Stat. 1947, ch. 24, par. 7–11.

The trial court cited *Emery v. Hennessy* (1928), 331 Ill. 296, 304, 162 N.E. 835, 838, for the proposition that a judgment of ouster is not retroactive. *Emery* concerned voters' rights to have their votes counted where their district was declared invalidly annexed after the election. The court in *Emery* found that as a practi-

cal matter, the status of voters must be determined at the time of the election. The case at bar contains no similar possibility of prejudice due to rights acquired by intervening third parties. In fact, as evidenced by Lyons' failure to render governmental services or even include it in its official maps for over 30 years, Lyons has never tried to exercise rights over the subject property.

As a second ground for its decision, the trial court found that the action by Forest View was barred by the statute of limitations (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—46). We disagree.

■■ The applicable statute of limitations provides that no action contesting an annexation shall be initiated more than one year after the annexation becomes final. (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—46.) One exception exists. The one-year limitation does not apply "to annexations of territory which was not contiguous at the time of annexation and is not contiguous at the time an action is brought to contest such annexation." Ill. Rev. Stat. 1987, ch. 24, par. 7—1—46.

In order to determine whether the one-year limitation is a bar to this action, this court must determine whether the attempted annexation was of contiguous land, which in turn means it must look at the strip annexation program of Lyons in the 1940's. The very nature of the central issue, then, is whether the land was contiguous to Lyons at the time of the October 1947—March 1948 purported annexation of strips in parcels "C" and "D." Thus, the one-year limitation is not applicable. Accord *People ex rel. Village of Hazel Crest v. Village of Homewood* (1985), 132 Ill. App. 3d 632, 478 N.E.2d 426.

Furthermore, "contiguity" is not satisfied by a mere touching of the annexed territory to the annexing municipality. *People ex rel. Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 155 N.E.2d 635.

■■ ■ Lyons tried to annex rectangular strips of land which were 300 feet in an east-west direction by 2,675 feet in a north-south direction, jutting out from Lyons. The parcels are approximately nine times longer than wide. These are not considered "contiguous" under the relevant case law. See, *e.g., City of Mount Carmel v. Partee* (1979), 74 Ill. 2d 371, 385 N.E.2d 687 (court found no contiguity between strip of land 60 feet wide by 1,587 feet long, which bordered city for only 60 feet); *People ex rel. Village of Long Grove v. Village of Buffalo Grove* (1987), 160 Ill. App. 3d 455, 513 N.E.2d 408 (no contiguity where 95-acre tract of land shares only a 600-foot boundary with village, and remainder of parcel sur-

rounded by another municipality); *Westcom, Inc. v. Woodridge Park District* (1977), 49 Ill. App. 3d 903, 364 N.E.2d 721 (court found no contiguity where a common boundary at one end was only 120.5 feet long, and strip then extended perpendicularly for 2,640 feet to another parcel; *People ex rel. Coojar Realty Corp. v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 203, 225 N.E.2d 39 (court found an improper strip annexation and invalidated annexation of road adjoining village for 300 feet, then extending out from village for one-half mile).

"[S]trip or corridor annexations *** do not satisfy the contiguity requirement because they are merely a subterfuge to reach outlying areas." (*Long Grove v. Buffalo Grove*, 160 Ill. App. 3d at 462, 413 N.E.2d at 412.) The attempted annexation by Lyons can hardly be said to fulfill the contiguity requirement's purpose of permitting "the natural and gradual extension of municipal boundaries to areas which 'adjoin one another in a reasonably substantial physical sense.'" *People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, 12, 417 N.E.2d 125, 130, quoting *Western National Bank v. Village of Kildeer* (1968), 19 Ill. 2d 342, 352.

Thus, the various strip annexations were not contiguous to Lyons, and the one-year statute of limitations does not bar this action.

In conclusion, the trial court erred in entering summary judgment for the Village of Lyons. Summary judgment should be entered in favor of the Village of Forest View.

In view of our holding, we need not address additional contentions raised by Forest View.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded with directions to enter summary judgment in favor of plaintiff Forest View.

Reversed and remanded with directions.

SCARIANO, P.J., and HARTMAN, J., concur.

# APPENDIX